# Hurd *v*. The State.

*Indictment for Murder.*

1. *Pleading and practice; appeal; presumption as to correctness of rulings on charges when the bill of exceptions does not purport to set out all the evidence.*—When the bill of exceptions in the transcript of a case does not purport to set out all of the evidence, and the rulings of the court as to instructions to the jury may have been justified by some condition of the evidence, the appellate court presumes that the evidence justified the charges given by the court, and the refusal of the court to charge as requested.

2. *Drawing of special venire in capital case; presence of defendant not necessary.*—In a capital case, the defendant must be personally present in court when the day of his trial is fixed, and the order made summoning a special venire, and such presence must be affirmatively shown by the record on appeal; but the law does not require that the defendant be personally present when the special venire is drawn from the jury box, and his absence at such time furnishes no ground for the arrest of a judgment of conviction.

APPEAL from the City Court of Montgomery.
Tried before the Hon. A. D. SAYRE.

[Hurd v. The State.]

The defendant was indicted, tried and convicted for the murder of Theus Judkins, was convicted of murder in the first degree, and sentenced to the penitentiary for life.

There were several charges given to the jury by the court, and several charges requested by the defendant to be given to the jury were refused. To each of these rulings the defendant separately excepted. It is not necessary on this appeal to set out these charges in detail.

The defendant made a motion in arrest of judgment upon the following grounds : "1. That it does not affirmatively appear from the record that the defendant was present in court, either personally or by counsel, at the time the venire was drawn containing a list of the regular jurors drawn in said cause, or that the defendant was in court, either personally or by counsel, at the time the special venire containing a list of the special jurors was drawn in said cause. 2d. The record affirmatively shows that neither the defendant nor his counsel were present at the time that either the regular or special venire were drawn." This motion was overruled, to which ruling the defendant duly excepted.

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State. It is not necessary that the record on appeal in a capital case should affirmatively show that the defendant was present when the special venire was drawn.—*Spicer v. State*, 69 Ala. 159 ; *Sylvester v. State*, 71 Ala. 17.

COLEMAN, J.—The defendant was convicted of murder, and sentenced to the penitentiary for life. The bill of exceptions does not purport to set out all the evidence. The record being in this condition, the presumption is, that the evidence justified the charges to the jury given by the court, and its refusal to charge as requested ; none of the rulings of the court as to instructions being of such a character but that they might have been justified by some condition of the evidence.

The motion in arrest of judgment was properly overruled. The orders of the court, preliminary to the trial, seem to be technically correct. The record affirmatively

shows, that the defendant was present in court when the day for his trial was appointed, and when the order was made, specifying the number of jurors to be summoned in addition to the regular panel. The law does not require that he should be personally present, at the time of the drawing of the special *venire* from the jury box. The *per curiam* opinion in the case of *Hames v. The State,* 113 Ala. 674, merely stated the condition of the record, and adjudged that it was insufficient to sustain the judgment of the court. The authorities cited in that case, in support of the adjudication, go no further than to hold, that it must affirmatively appear from the record that the defendant was present in court when the order was made appointing a day for the trial, and for the number of special jurors to be summoned. *Spicer v. The State*, 69 Ala. 159 ; *Sylvester v. The State*, 71 Ala. 17. The question now under consideration was considered and settled in the case of *Washington v. The State*, 81 Ala. 35.

Affirmed.

### Indictment for Murder.

