# Elder *v.* The State.

### *Indictment for Incest.*

1. *Rulings of court; when presumed correct.*—Where there is no recital in the record that it contains all the evidence introduced on the trial of a criminal case, the presumption will be indulged that every fact was proven necessary to support the correctness of the rulings of the court.
2. *Statements of deceased member of a family on pedigree; by whom proven.*—Statements made in his life time by a deceased person touching the pedigree of a member of his family, may be proven by any one who heard them whether the witness was also a member of the family or not.

APPEAL from Bullock Circuit Court.
Tried before Hon. A. A. EVANS.
Dan Elder was indicted for incest. The indictment charged that the defendant had sexual intercourse with Paralee Elder, who was related to him in such degree of consanguinity or relationship as made the intercourse incestuous. There was evidence tending to prove that the defendant was the legitimate son of Jim Elder, and that Paralee was the legitimate daughter of Rachel Elder, and that Rachel was the illegitimate daughter of Liddie Jones. The evidence was in conflict as to who was the father of Rachel; but the state proved that for a number of years and up to the time of her marriage, she was a member of the family of Jim Elder, that he

[Elder v. The State.]

called her his daughter and she called him father; that he made declarations during the time she was with him as a member of his family, that she was his daughter. Jim Elder was dead.

E. L. BLUE, for appellant, cited on question of proof of declarations to show pedigree, 1 Greenleaf, § 103; *White v. Strother,* 11 Ala. 720; Am. & Eng. Ency., 1 ed., Vol. 18, p. 258 *et seq.; Rowland v. Heifnin and Ladiga heirs,* 21 Ala. 9; *Cherry v. State,* 69 Ala. 29. On comparisons, *McAlpine v. State,* 117 Ala. 93.

CHAS. G. BROWN, Attorney-General, for the State, cited, *White v. Strother,* 11 Ala. 723; *Elder v. State,* 26 So. Rep. 214; 1 Greenleaf Ev. § 170; *People v. Parton,* 49 Cal. 632; *Taylor v. State,* 37 Nev. 788; *Mora v. People,* 19 Cal. 255; *State v. Red,* 53 Iowa 69.

TYSON, J.—There is no recital in the record that it contains all the evidence introduced upon the trial of the case. We will, therefore, presume that every fact was proven necessary to support the correctness of the rulings of the court.—*Hurd v. State,* 116 Ala. 440; *Town of Brewton v. Glass,* 116 Ala. 629. This presumption indulged, we must hold that the statement made by the defendant to the officers who arrested him that "Paralee Elder was his niece" was admitted in evidence after proof that it was voluntarily made.—*Price v. State,* 117 Ala. 113.

Jim Elder being dead and it being shown that Rachel Elder, the mother of Paralee was a member of his family, his statements that he was Rachel's father were competent evidence to prove that fact. This was pointedly decided by this court when this case was here on former appeal.—*Elder v. State,* 26 So. Rep. 213. The point of objection now is, that the witnesses who testify to the statements of Jim Elder are not and were never members of his family. This is clearly a misconception of the principle. The statement, admissible to prove pedigree, must be made by a deceased relative or member of the family. If made by such deceased relative or member of the family to any person, such person without reference to his relationship or connection with the family is a competent witness to prove the statement.

Affirmed.