# Milton v. The State.

*Indictment for Murder.*

1. *Trial and its incidents; what minute entry should show.*—Where the minute entry shows affirmatively that the defendant, under an indictment for murder was present in court when orders were made appointing the day for trial, and fixing the number of special jurors therefor, and when the name of several jurors were drawn until the jury box was exhausted, and also when the order was made summoning additional special jurors, from which to obtain the number of special jurors theretofore fixed in said order, it is immaterial whether such minute entry should affirmatively show that the defendant was present when the court ordered the clerk to issue a mandate to the sheriff commanding him to summon the required number of special jurors to attend the trial.

2. *Dying declarations; sufficient predicate for admission.*—On a trial under an indictment for murder, where it is shown that after the deceased was cut by the defendant, from which wound he died, deceased stated "I am going to die before morning. Send for a doctor, my bowels are out on the ground now. I am going to die before morning;" and he stated to his father that the cut would kill him and he would die before morning, such statements furnish a sufficient predicate for the introduction, as dying declarations, the further statements of

[Milton v. The State.]

the defendant as to the circumstances under which he was cut and by whom he was cut.

3. *Homicide; charge to the jury.*—On a trial under an indictment for murder, where there is evidence tending to show that the defendant inflicted the mortal wound upon the deceased without provocation, a charge is properly refused which instructs the jury that "There is no evidence on the part of the State to show that this defendant brought on the difficulty."

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. J. C. RICHARDSON.

The appellant in this case, Lee Milton, was indicted and tried for the murder of Thomas Acreman by cutting him with a knife, was convicted of manslaughter in the first degree, and sentenced to seven years imprisonment in the penitentiary. The minute entry of the court as to the arraignment, &c. of the defendant, which was had upon March 12, 1902, was in words and figures as follows: "Comes the solicitor for the State, and the defendant being in open court and attended by his counsel, Sentell, Hamilton & Powell, is duly and legally arraigned upon the indictment, and for his plea thereto sayeth he is not guilty. The defendant being in open court and attended by his counsel, the 19th day of March, 1902, it being the Wednesday of the second week of this term, is fixed for the date of the trial of this cause, and fifty is fixed as the number of special jurors to be drawn in this case, and the court ordered the legal jury box of Crenshaw county, Alabama, to be brought into open court and said order being obeyed, and the box being well shaken, the presiding judge in open court publicly drew from said jury box the names of twenty-five persons to serve as special jurors in this case. After the presiding judge had drawn said twenty-five names from said jury box and before the completion of the drawing of said fifty special jurors ordered in this case, the names in the said jury box were exhausted; that is, there were no names in said jury box after said twenty-five names had been drawn therefrom; the court then and there directed the sheriff of Crenshaw county, Aabama, to summon from the qualified citizens of this county, twenty-five persons necessary to complete the number of special jurors ordered

in this case, by the court. The sheriff thereupon, then and there, obeyed said order of the court, and duly and legally summoned twenty-five qualified citizens of the county to .complete the number of special jurors, the names of whom are as follows, to-wit: * * * * * * * The clerk immediately in open court and in the presence of the presiding judge, made a list of the said fifty special jurors; and the court ordered the clerk to issue a mandate to the sheriff to summon said fifty special jurors to appear as special jurors in this case at the court house in this county, in Luverne, Alabama, at nine o'cock on Wednesday morning of the second week of this term of this court, the same being the 19th day of. March, 1902. The court ordered the sheriff of said county to summon said fifty special jurors to appear at said time and place. The court ordered the sheriff to serve on the defendant one entire day before the day set for trial, a copy of the indictment," etc.

On the trial of the cause there was evidence introduced for the State tending to show that the defendant was guilty as charged in the indictment; while the evidence for the defendant tended to show that he cut the deceased in self-defense, and while the said deceased was about to strike him with a saw.

During the examination one Maddox as a witness for the State, he testified that he arrived at the place where the deceased was cut, a short time after the difficulty, and found the deceased lying on the ground. Thereupon the witness, in answer to a question as to whether Tom Acreman, the deceased, said anything about his condition while he was lying on the ground, testified that Acreman made the following statement: "I am going to die before morning. Send for a doctor. My bowels are out on the ground now. I am going to die before morning." He also said to his father that the cut would kill him and he would die before morning.

The witness was then asked to state "What Tom Acreman said about who cut him, if anything?" Defendant objected to this question upon the ground that a sufficient predicate had not been laid to admit the state-

ments of Acreman as a dying declaration. The court overruled the objection, and the defendant duly excepted. The witness testified that Acreman said that Lee Milton had cut him, and that he had cut him for nothing. Defendant moved to exclude this testimony as to what Acreman said, upon the ground that no sufficient predicate had been laid to admit such statements as a dying declaration. The court overruled the motion, and the defendant duly excepted. There were similar rulings upon the testimony of other witnesses as to the statements made by the deceased.

The bill of exceptions contains the following recital as to the giving of the charge requested by the State: "After the oral charge was given the cour, at the written request of the defendant, gave several written charges, which were read to the jury by defendant's attorney. Thereupon, at the request in writing of the State's solicitor, the court gave the jury the following charge which was in writing, and marked the same 'Given' in writing over the signature of the judge, viz.: 'The court charges the jury that the written charges read to the jury by the defendant's counsel in this case are not in conflict with the general oral charge of the court, but simply a different manner of stating the law in this case.' "

The defendant requested the court to give to the jury the following written charge, and duly excepted to the court's refusal to give said charge as asked: "The court charges the jury that there is no evidence on the part of the State to show that this defendant brought on the difficulty."

SENTELL, HAMILTON & POWELL, for appelant.—The record should affirmatively show that the defendant was present in the court when the order was made for summoning the special venire.—*Hurdy v. State,* 116 Ala. 440; Code of 1896, § 5004; *Hames v. State,* 113 Ala. 674; *Spicer v. State,* 69 Ala. 159; *Sylvester v. State,* 71 Ala. 17.

Dying declarations testified to by various witnesses should not have been allowed in evidence.—*Walker v.*

*State,* 52 Ala. 192; *Ward v. State,* 78 Ala. 441; *Black-burn v. State,* 98 Ala. 63; *Justice v. State,* 99 Ala. 180.

CHAS. G. BROWN, Attorney-General, for the State. The dying declarations were clearly admissible.—*Mc-Queen v. State,* 103 Ala. 12; *Sullivan v. State,* 102 Ala. 135; *Jordan v. State,* 82 Ala. 1.

A charge should never include a proposition that is inconsistent with any conclusion as to which there is any evidence tending to prove.—*Green v. State,* 97 Ala. 59.

SHARPE, J.—The trial court's minute entry of March 12, 1902, shows affirmatively that defendant was present in court when the orders were made which appointed the day for trial and fixed the number of special jurors therefor at fifty, and when names of special jurors were drawn until the jury box was exhausted, and also when the order was made for summoning additional special jurors from which to obtain the fifty. It is immaterial whether that entry be construed as showing he was present when the court ordered the clerk to issue a mandate to the sheriff commanding him to summon the fifty special jurors to attend the trial. The latter order was not judicial, and involving as it did mere ministerial preparation in which the defendant could not have had voice or participation, his presence at the making thereof was not required.

In determining whether dying declarations were made under the conviction of impending death so as to make them receivable in evidence as such, request made by the deceased for a physician's aid may, in connection with his other expressions and the circumstances, be regarded as indicating a hope of cure.—*Justice v. State,* 99 Ala. 180. But not necessarily so, since a physician may be desired merely to alleviate pain or other purpose than to prolong ife.—*McQueen v. State,* 103 Ala. 12.

Here it was proved that shortly after receiving the fatal knife thrust the deceased while lying down said

[Andrews v. The State.]

several times he was dying, that his bowels had been cut out, that he would die before morning, and that he "wanted a doctor." Taken in connection with the proof that the deceased was in fact *in extremis* while speaking them, the expressions of belief as to his condition are not controlled by his request for a doctor, and were ample as a predicate for admitting the declaration made at the same time by the deceased to effect that defendant killed him for nothing and other like declarations made on the same occasion.—*McQueen's case, supra; Sullivan v. State,* 102 Ala. 135.

What instruction the court gave the jury orally and what written charges were given for defendant are not disclosed by the record, hence it does not appear that the charge given at the solicitor's request in any way qualified any charge given for defendant.

Defendant's refused charge was properly refused.

Affirmed.

*Indictment for Murder.*

