Ford v. The State of Florida—Syllabus.

JAMES FORD, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. A plea in abatement alleging that after thirteen of the fourteen grand jurors drawn and summoned for a term of court had been examined and found competent to serve, the entire venire was quashed and a new venire issued under which the same thirteen jurors and five others were summoned, and that in the organization of the jury the five only were examined as to their qualifications to act as grand jurors, is insufficient and properly ruled out on demurrer.

2. Pleas in abatement setting up simply irregularities in the selection of jurors should be drawn with the greatest accuracy and precision and must be certain to every intent.

3. The second proviso to section 1 of Chapter 4736, acts of 1899, authorizes the Circuit Court when the list or panel of jurors drawn for a term of court shall be quashed, to direct the sheriff to summon jurors either grand or petit

Ford v. The State of Florida—Statement of Case.

from the body of the county, when the judge shall be satisfied that the public interest will be best subserved thereby.

4. A demurrer is properly sustained to a plea in abatement alleging that after thirteen of the fourteen grand jurors drawn and summoned for a term of court had been examined and found competent to serve, the entire venire was quashed and a special venire issued, and that the deputy sheriff summoned the thirteen that had been discharged and five others to make up the eighteen members of the grand jury, and that no names were placed in the box and drawn therefrom as provided by the act of 1899, Chapter 4736.

5. When it affiratively appears that no possible injury could accrue to a defendant by an irregularity not amounting to a substantial departure from the requirements of law in the selection, summoning and empanelling of jurors, an objection thereto should not avail.

Writ of Error to the Circuit Court for Orange County.

### STATEMENT.

Plaintiff in error was indicted in the Orange county Circuit Court for murder, and the trial resulted in his conviction of manslaughter.

The defendant filed a plea in abatement alleging, in substance, that he should not be required to plead to the indictment found against him because the grand jury was irregularly and illegally empanelled, selected and sworn, in this, that fourteen persons whose names had been drawn and summoned to attend as grand jurors were placed in the grand jury box and severally examined by the State Attorney as to their qualifications to act as grand jurors, and thirteen of them were accepted by the State and adjudged by the court to be competent to act as grand jurors. Thereupon the court, on motion of the State Attorney, quashed the regular venire of grand jurors

for cause shown and ordered the issuance of a new venire; that the deputy sheriff of the court verbally summoned all of the said grand jurors who had been on the said regular venire and who had been discharged in the manner aforesaid, and also summoned five other persons, giving names, from among the bystanders to act as grand jurors under and by virtue of the said special venire; that thereupon the State Attorney examined the last five mentioned persons as to their qualifications to act as grand jurors, but altogether omitted to examine the thirteen other persons summoned on the special venire, and who had taken their seats in the jury box, as to their qualifications to act as grand jurors, and none of said thirteen were examined by the court or any other person as to their qualifications to act as grand jurors; that thereupon said grand jury after being duly sworn, organized and charged by the court retired to the grand jury room and returned a true bill and indictment against defendant for murder in the first degree; that defendant, by his attorney, prior to the empanelling and swearing of said grand jury, objected to the same and to their being sworn and empanelled on grounds aforesaid, but said objection was overruled by the court.

The plea further refers to and purports to set out the first, second and third sections of the act of 1899, Chapter 4736, and also section 2803, Revised Statutes, making the provisions of law as to the qualifications, exemptions, drawing, summoning, &c., of petit jurors applicable to grand jurors, and alleges that none of the provisions of said statutes were complied with in any particular; but, on the contrary, the court simply ordered a special venire to issue in the place of the regular venire of grand jurors which had been quashed and discharged

as aforesaid, and that the deputy sheriff summoned the thirteen members of the regular grand jury that had been discharged as aforesaid and the five presons named to make up the eighteen members of the grand jury, and that no names were drawn from the box or placed therein and drawn, and that the grand jury which found a true bill against defendant was selected, empanelled, sworn and organized in the manner aforesaid. The plea concluded with a prayer that the indictment might be quashed, and was sworn to by the defendant.

The State demurred to the plea on the ground it did not show that any person upon the grand jury was disqualified to serve; and that it failed to show the grand jury was improperly organized, and for other causes. The court sustained the demurrer. The defendant moved in arrest of judgment and for a new trial, which was denied, and sued out writ of error to the judgment of the court.

The other facts in the case are stated in the opinion of the court.

*L. D. Browne*, for Plaintiff in Error.

*William B. Lamar*, Attorney-General, for the State.

MABRY, J. *(after stating the facts.)*

There is no bill of exceptions in the transcript, and the only question presented relates to the propriety of the ruling sustaining the demurrer to the plea in abatement interposed by the defendant.

Section 1 of the act of 1899, Chapter 4736, provides that "if it shall appear at any term of the Circuit Court that

the jurors drawn for such term have been regularly drawn. and the list of panel so drawn shall be quashed, or if such panel shall be quashed for any cause, or if there shall have been a failure or ommission to draw the list or panel as. is now provided by law, the judge shall, in open court, draw from the box in which are deposited the names of the persons selected by the county commissioners to serve as jurors for that year, the names of thirty persons to serve as jurors at such regular or special term of the court; and such drawing shall be in the presence of the clerk or his deputy and of the sheriff or his deputy; provided, however, that when no grand jury shall be required at such term, then only twelve names shall be drawn from such box, and where only twelve are drawn such of them as shall be summoned and appear shall be placed in the box to serve as petit jurors as provided in section 3 of this act. And, provided further, that whenever the Circuit Judge shall be satisfied that the public interest will be best subserved thereby, he may authorize the sheriff to summons either number of persons aforesaid, for the purpose aforesaid, from the body of the county, and the names of such of them as shall appear, shall be placed in the box as provided by section 3 of this act, and for the purposes therein provided."

The third section provides that "it shall be the duty of the judge to place the names of the thirty persons so drawn, or so many of them as shall appear in response to said summons, in a box, and draw therefrom the names of eighteen persons who shall serve as grand jurors for said regular or special term, and the persons whose names shall remain in said box shall serve as petit jurors for the first week of said term of court."

The plea shows that the regular venire of grand jurors

for the term at which the indictment was found was quashed by the court for cause shown, and there is no contention that error was committed in disposing of this venire. The grounds, in substance, alleged in the plea for quashing the indictment are, first, that after thirteen of the fourteen grand jurors drawn and summoned for the term had been examined and found competent to serve, the entire venire was quashed and a new venire was issued under which the same thirteen jurors and five others were summoned, and that in the organization of the jury the five only were examined as to their qualifications to act as grand jurors; and, second, that none of the names of jurors summoned under the special venire were placed in a box and drawn therefrom. The brief for plaintiff in error lays no stress upon the alleged fact that the thirteen jurors who had been examined before the regular venire was quashed were not re-examined when again summoned on the special venire. There is no allegation or suggestion that any of them were not in fact duly qualified to serve as grand jurors. Our statutes prescribe the qualifications and exemption of jurors, and it is the practice of the courts to examine grand jurors as to their qualifications in organizing the juries, but there is no statutory direction in reference to this examination. In the present case the thirteen jurors had in fact been examined and found competent immediately before they were again summoned and the court was advised as to their qualifications, but independent of this the allegations of the plea in reference to their examination show, in our judgment, no sufficient grounds for quashing the indictment.

The plea shows that after the first venire was quashed the court directed the issuance of a new or special venire and that in compliance with it the deputy sheriff sum-

moned eighteen persons in all to serve as grand jurors, all of whom were accepted.

The settled rule in this court is that in pleas in abatement setting up simply irregularities in the selection of jurors the greatest accuracy and precision in pleading are required, and such pleas must be certain to every intent. Jenkins v. State, 35 Fla. 737, 18 South. Rep. 182; Tervin v. State, 37 Fla. 396, 20 South. Rep. 551; Knight v. State 42 Fla. 546, 28 South, Rep. 759. We may, therefore, legally assume, in the absence of any certain and precise allegation to the contrary, that the court, upon the quashal of the first venire, directed the sheriff to summons eighteen persons to serve as a grand jury from the body of the county. The second proviso to section one of Chapter 4736, *supra,* expressly authorized such a direction, its language being that "whenever the Circuit Judge shall be satisfied that the public interest will be best subserved thereby he may authorize the sheriff to summons either number of persons aforesaid, for the purposes aforesaid, from the body of the county." The "either number" refers to a petit jury of twelve persons or a grand jury of eighteen persons. This proviso further directs that the names of such of the persons summoned and appearing shall be placed in a box as provided by section three, and for the purposes therein provided. Section three seems to provide only for placing in a box and drawing therefrom the names when thirty persons are drawn, which would be the case when both grand and petit jurors are needed. When, however, only eighteen grand jurors are summoned where is the necessity or reason for placing the names in a box and immediately drawing all of them out to organize the jury? In the second proviso to the first section when no grand jurors are needed, and only twelve names are drawn to serve as petit jurors, the direction is

that the names of those summoned and appearing shall be placed in the box to serve as petit jurors as provided in section 3 of this act. The clause "as provided in section 3 of this act" has reference to the purposes for which they are drawn, and the box mentioned in this proviso contemplates apparently the jury box. The court is given the authority as stated in the third proviso when the regular list or panel is quashed to have summoned from the body of the county either a grand or petit jury, and when only a grand jury is summoned it was probably never intended by the legislature that the names should be placed in a box to be again immediately drawn out. If, however, by a strict literal construction of the third proviso, when the court directs the sheriff to summons from the body of the county a grand jury only, the names are directed to be placed in a box provided by section 3 and drawn out, what possible injury could result to the defendant by failure of the court to put the names in a box? Conceeding that it is the practice in this State that irregularities, even slight, when they show a substantial departure from the provisions of law in respect to the selection, summoning and empanelling of jurors are proper grounds of objection to the jury, still when it affirmatively appears that no possible injury could accrue to the defendant by the departure, the objection should not avail. In our opinion the plea sets up no sufficient ground for quashing the indictment and the court did not err in sustaining the demurrer to the plea.

We have considered the only assignment of error and point presented, and finding no error therein the judgment must be affirmed. Let an order be entered affirming the judgment.