MAMIE KINCHIEN, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. An indictment charging that the accused in the night time did unlawfully, wilfully and maliciously set fire to and attempt to burn a certain building owned by A, and occupied by B as a dwelling house, even though it alleges more than is necessary, sufficiently sets forth an attempt to commit arson.

2. Where a general statute as to qualifications, selection and drawing of jurors, with provisions for the drawing to be done by the clerk when the judge fails to draw, is amended by an act restricted in title and body to the drawing by the judge, the amendment makes no change in the number of names for jurors to be drawn by the clerk.

3. When the context of a witness' testimony shows he was present at a quarrel between one accused of attempted arson and the occupant of the house burned, on the afternoon of the night of the burning, the witness may testify as to such quarrel, accompanied with threats to burn.

4. The evidence sustains the verdict.

This case was decided by Division A.

Writ of Error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the Court.

*Daniel Campbell & Son*, for Plaintiff in Error.

*W. H. Ellis*, Attorney-General, and *J. Walter Kehoe*, State attorney, First Judicial Circuit, for the State.

COCKRELL, J. An indictment, consisting of two counts, was filed in the Circuit Court for Walton county against Mamie Kinchien. She was convicted under the second count and to the sentence imposed prosecuted a writ of error returnable to the current term of this court.

An attack is made on both counts but as the effect of the verdict was an acquittal as to the first we are concerned only with the second. That count charged that the accused "did then and there in the night time of said day unlawfully, wilfully and maliciously set fire to and attempt

to burn a certain building there situate, to-wit, did then and there unlawfully, wilfully and maliciously set fire and attempt to burn a certain building owned by Edgar Johnson and Willie Johnson which said building was then and there occupied by Will Thomas and John Baity and Harry Brown as a dwelling house, against," &c.  A motion to quash this count was interposed and denied, the grounds of the motions being general, that the count charged no offence and was vague, indefinite and uncertain.

The statute denounces "whoever wilfully and maliciously burns the dwelling house or any building adjoining such dwelling house, or wilfully and maliciously sets fire to any building, by the burning whereof such dwelling house is burned"—sec. 2426 Rev. Stat. 1892—and the contention of the plaintiff in error is that the pleader confounded the words "set fire to" and "burn." We need not pass upon this distinction. The count does not charge the consummated crime but the attempt to commit the crime and the overt act "of setting fire" to that accompanied the attempt to "burn." The count is needless prolix and assumed a greater burden of proof than might have been prudent, but it fully apprized the defendant of the accusation against her and the denial of the motion to quash will not be held error.

The indictment was also attacked by plea in abatement to the effect that the clerk of the court drew the names of jurors for the term owing to the fact that the judge had not drawn them at the preceding term, and that the clerk drew only thirty names. A demurrer to this plea was properly sustained.

The duty of the clerk as to drawing the names of jurors is found in sec. 2, Chap. 4386, Laws of 1895, amending sec. 6, Chap. 4122, Laws of 1893. Chapter 4122 is a gen-

eral act prescribing qualifications of jurors, the manner of selecting and drawing the same and fixing the number which shall constitute a grand jury. The fifth section of this act providing for the drawing by the judge was also amended in 1895, by section one of Chap. 4386. In 1903, an act was passed without the Governor's approval, which, both in its title and in its body, is restricted to the amendment of section five of Chap. 4122, wherein the judge is required to draw the names of thirty-six persons; there is no reference whatever to the duty of the clerk or any one else in case of the failure of the judge to draw. Grant that this leads to an incongruity and that it is difficult to see why thirty-six names should be drawn by the judge and only thirty by the clerk; there are yet no contradictions or impossibilities in the administrations of either statute in its proper sphere, nor is there excuse for a repeal by construction.

During the progress of the trial one Mayo testified as follows: "Will Thomas was staying in the shanty at that time. The same house that was said to have been set on fire. On Sunday there had been trouble or a disturbance between Will Thomas and defendant. I wasn't present right at the time. I was present when there was a fuss between the defendant and Will Thomas. It was after twelve o'clock. I heard her make threats against Will Thomas. It was right in my yard. There on the place. She said she would burn him up." An objection was taken to the testimony as to a disturbance between the defendant and Will Thomas on the grounds that the witness was not present and that it was irrelevant. It is evident that the absence of the witness had reference to the time of the fire, not to the time of the trouble or disturbance, as to which his testimony immediately following was full

and specific, and the relevancy of the testimony to prove malice is apparent.

We do not feel disposed to interfere with the verdict upon the weight of the evidence and it follows that the judgment must be affirmed. The plaintiff in error being insolvent the costs will be taxed against Walton county.

SHACKLEFORD, C. J., and WHITFIELD, J. concur.

TAYLOR and HOCKER, JJ., concur in the opinion.

PARKHILL, J., disqualified.