R. F. COLSON, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Chapter 5127 of the Laws of 1903 requires the Judge of the Circuit Court, at every regular or special term of said court, in open court, to draw from the jury box the names of thirty-six persons to serve as jurors at the next succeeding regular or special term of said court, but in the event no jurors have been drawn in accordance with the requirements of said Chapter, then it becomes the duty of the clerk of said court to draw from the jury-box the names of thirty jurors, in accordance with the provisions of section 2 of Chapter 4386 of the Laws of 1895, which section has not been repealed or amended.

2. It is an irregularity for the Clerk of the Circuit Court to draw thirty-six names from the jury-box to serve as jurors, instead of thirty names, as is provided by section 2 of Chapter 4386 of the Laws of 1895, and it is the duty of the Circuit Judge, upon discovering such irregularity, to quash the venire and panel.

3. Whenever the panel of jurors drawn to serve at any term of the Circuit Court shall be quashed for any cause, the Judge is authorized, under Chapter 4736 of the Laws of 1899, either to draw the names of the persons to serve as jurors for such term from the jury-box, or, if he "shall be

satisfied that the public interest will. be best subserved thereby," to order the sheriff to summon such jurors from the body of the county.

4. Pleas in abatement setting up mere irregularities in the selection of jurors should be drawn with the greatest accuracy and precision, and must be certain to every intent. They must leave nothing to be supplied by intendment, and no supposable special answer unobviated.

5. When it affirmatively appears that no possible injury could accrue to a defendant by an irregularity not amounting to a substantial departure from the requirements of law in the selection, summoning and empannelling of jurors, an objection thereto should not avail.

6. Venires for the second and succeeding weeks of the term of a Circuit Court should be drawn by the Judge from the jury-box.

7. "Whenever it shall appear to the Court that by reason of Challenges or otherwise, a sufficient number of jurors of those drawn and summoned cannot be obtained for the trial of any cause," then the court, in the exercise of its discretion, "shall draw, or cause to be drawn from the box, to be summoned, or shall direct the sheriff to summons from by-standers or from the body of the county, a sufficient number of qualified jurors to complete the panel for the trial of such cause."

8. A defendant as a matter of right is not entitled to have any particular jurors empanelled to try his case. The right of peremptory challenge is a right to *reject* and not a right to *select*.

9. All objections to the competency of, and to irregularities in selecting, drawing and empanelling, grand jurors, not appearing of record, must be taken advantage of by plea in abatement to the indictment, and not by a motion to quash, a motion for a new trial or a motion in arrest of judgment. Such irregularities or defects are waived by not pleading such fact in abatement.

10. The law does not require that the defendant in a criminal action should be personally present in court when an order is made for a special venire from which to complete or select a jury for the trial of his case, when the names to constitute such special venire are drawn from the jury-box, when the venire is issued therefor, when such special venire is returned by the sheriff, or when the names of the jurors constituting such venire are called to ascertain whether or not they have been summoned or are in attendance upon the court, or disqualified or subject to excuse, none of such proceedings being "steps in" or "stages of" the trial, within the meaning of the rule requiring the defendant's personal presence, but all being ministerial preliminaries merely, in which the defendant could have no voice or participation.

11. The trial court, in anticipation of a failure to obtain a jury whether out of the regular panel or a special venire, has the power to order other jurors summoned to be in readiness if needed.

12. Where one of the errors assigned is based upon the overruling of the motion for a new trial, and said motion consists of a number of grounds, an appellate court will consider only such grounds as are argued.

13. It is the duty of a defendant predicating error upon the refusal of the trial court to give a requested instruction to make the error complained of clearly to appear, and where none of the evidence adduced at the trial is incorporated in a bill of exceptions, even if such requested instruction states a correct proposition of law in the abstract, an appellate court cannot determine whether or not the same was applicable, or, if so, that the defendant was harmed in any way by the refusal to give it. Where the record does not show affirmatively that the trial court has erred, every necessary presumption is to be made in favor of the correctness of the rulings.

14. The special statutory bill of exceptions authorized by Sections 1090 and 1091 of the Revised Statutes of 1892 should be complete in itself, without reference to the regular bill of exceptions.

This case was decided by Division A.

Writ of Error to the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the Court.

*T. B. Oliver, Boozer & Gillen,* and *J. B. Hodges,* for Plaintiff in Error.

*W. H. Ellis,* Attorney-General, for the State.

SHACKLEFORD, C. J.    At the spring term, 1905, of the Circuit Court for Columbia county, the plaintiff in error, R. F. Colson (hereinafter referred to as the defendant), was indicted for murder in the first degree, was tried at the same term, convicted of murder in the second degree, and seeks relief here by writ of error returnable to the present term of this court.

The first error assigned is that "the court erred in sustaining the State's demurrer to the defendant's plea in abatement, filed April 27th, 1905, and in not allowing said plea, in and by its order of same date."

The plea in abatement, omitting the caption, is as follows: "And now comes the above named defendant, R. F. Colson, who says his true name is Richard F. Colson, in his own proper person, and attended by his counsel in the court here, who has been indicted by the grand jury at this said term of said court upon a charge of murder in the first degree, and says that said court ought not to take cognizance of and have maintain and prosecute said indictment against him.

1. Because protesting that he is not guilty of the same, nevertheless the said defendant says that the said

grand jury which found and brought said indictment against him is an illegal grand jury and without authority of law to present an indictment against this defendant, that is to say:

Because at the fall term of said Circuit Court held in and for said Columbia county beginning the fourth Monday in October, 1904, which was the last preceeding term of said court held in and for said county, the names of no persons of the number of thirty-six (36) or any other number were drawn from the jury box of said county by the judge of said court then presiding pursuant to Chapter 5127, Acts of 1903, of the Laws of Florida, and no lists thereof made and deposited as required or names written upon slips and placed in an envelope, sealed and delivered to the clerk as required thereby, nor thereafter any venire issued therefor by the clerk as required, nor the names of any such thirty-six persons, or so many as should answer so drawn and summoned placed in a box by the judge presiding at the present term of said court, nor the now sitting grand jury returning said indictment selected and formed from any such list of jurors so drawn, but on the contrary thereof the clerk of said court, previous to the convening of the said present term thereof proceeded to and did draw from the jury box of said county, without authority of law the names of thirty-six (36) persons to serve as grand and petit jurors at said present term of said court, and did issue a venire therefor, which same was duly served, executed and returned upon by the sheriff of said county and from such said list supposed grand and petit juries were selected, chosen, empanelled and sworn on the first day of the present term of said court and talesman summoned, by order of the court, from the bystanders to complete the petit panel, and did proceed to inquire as grand jurors

in and for the body of said county and to present indict-
ments, and as petit jurors to sit in the trial of causes in
said court and to render verdicts, said jurors being
charged and organized in due form with a foreman, clerk
and bailiffs duly chosen and sworn; that thereafter on
the third (3rd) day of said present term of said court
said supposed grand jury was called into court and by
the judge presiding discharged; and on motion of the
State's prosecuting attorney said venire and panel were
by the court quashed; that thereupon no jurors were
drawn from the box containing the names of persons se-
lected by the county commissioners to serve as jurors by
the judge presiding, pursuant to Chapter 4736, Acts of
1899, of the Laws of Florida, nor any venire issued for
such persons, notwithstanding that no cause was or is
made to appear for the failure so to do; but on the con-
trary thereof the said judge did order the sheriff of said
county to summons from the body thereof and report to
the court the names of thirty (30) persons to serve as
grand and petit jurors at the present term of said court;
that the names of the persons so summoned were not
written upon slips of paper in the handwriting of either
the judge or the clerk of said court, nor said slips folded
by either of them so that said names should not be visi-
ble, nor by any person authorized by law thereto; but
said names otherwise written and prepared were placed
in the box by the said judge who proceeded to draw there-
from the names of eighteen of such said persons who
were empanelled, sworn and organized as the supposed
grand jury now sitting at said term of said court and
inquiring in and for the body of said county and by whom
said indictment against this defendant was presented;
that in summoning said persons the said sheriff sum-
moned and reported to the court only names of the per-

sons composing the grand and petit juries discharged by the court as aforesaid; and the panels whereof had been quashed as aforesaid; and in the formation and organization of said succeeding supposed grand and petit juries from the persons so selected members of the petit jury panel quashed as aforesaid, and of the talesman summoned to complete same were placed upon the said supposed grand jury now sitting, etc., as aforesaid; and members of the said discharged grand jury placed upon the petit panel; wherefore defendant says that the said grand jury which found and brought said indictment against him is an illegal grand jury and without authority of law to present an indictment against this defendant.

2nd. Because the grand jury presenting said indictment against this defendant is not the same grand jury which was drawn, summoned, selected, chosen, empanelled, sworn, organized and charged by the court at the organization of the court on the first day thereof to sit and act as a grand jury in and for the said county during the present term of said court, as appears of record, said grand jury having been constituted as follows: Jefferson D. Brown, Foreman, W. B. Knight, Clerk, and N. R. Hines, A. F. Charles, L. W. Tyre, A. M. Hawthorne, V. N Green, N. B. Raulerson, W. W. McCormick, G. W. Owens, R. C. Gillen, H. R. Thomas, J. T. Dennis, J. A. Quincess, J G. Clements, M. H. Brown, W. H. Colson, and W. M. Hunter, and having Newton Sapp for their sworn bailiff; whereas the supposed grand jury presenting said indictment against said defendant is constituted as follows: Jefferson D. Brown, Foreman, W. B. Knight, Clerk, and W. W. McCormick, W. M. Hunter, R. C. Gillen, W. P. Summers, N. R. Hines, J. G. Clements, W. F. Charles, H. F. Barwick, E. C. Lamb, G. W. Owens, N. B. Raulerson, W. H. Colson, W. E. Dennard,

R. Y. Kirkland, J. T. Dennis and A. R. Moore; and having Giles Tompkins as its sworn bailiff, as appears of record. Wherefore this defendant says that the said grand jury which found and brought said indictment against him is an illegal grand jury and without authority of law to present an indictment against this defendant. And this the said defendant is ready to verify; wherefore he prays judgment, and that by the court here he may be dismissed and discharged from the premises in the said indictment above specified."

To this plea the State interposed a demurrer, which was sustained, and this forms the basis for the first assignment.

It is evident from the averments in the plea that the provisions of Chapter 5127 of the Laws of 1903, in regard to the drawing of jurors for the next succeeding term of court by the Circuit Judge had not been complied with, but that thirty-six jurors had been drawn by the clerk. That this was irregular see Kinchen v. State, 50 Fla. 102, 39 South. Rep. 467. Upon discovering such irregularity the Circuit Judge, on the third day of the term at which the defendant was indicted, on motion of the State Attorney, quashed the venire and panel and ordered the sheriff to summon from the body of the county thirty persons to serve as grand and petit jurors for said term of court. That the Circuit Judge was authorized to pursue this course if he "shall be satisfied that the public interest will be best subserved thereby," see Chapter 4736 of the Laws of 1889, which was not amended in this particular or repealed by Chapter 5127 of the Laws of 1903, and Ford v. State, 44 Fla. 421, 33 South. Rep. 301.; Davis v. State, 47 Fla. 26, 35 South. Rep. 76, construing Chapter 4736 of the Laws of 1899.

As we said in Davis v. State, *supra,* "Pleas in abate-

ment setting up mere irregularities in the selection of jurors should be drawn with the greatest accuracy and precision, and must be certain to every intent. There is no showing that any of the jurors were not in all respects qualified as such." Also see Kelly v. State, 44 Fla. 441, 33 South. Rep. 235; Taylor v. State, 49 Fla. 69, 38 South. Rep. 380, and authorities therein cited, concerning the drafting and construction of pleas in abatement to an indictment.

The second assignment is based upon the order of the court overruling the motion for a new trial. The first five grounds of this motion are expressly abandoned because the evidence is not brought up by the bill of exceptions. The sixth ground is based upon the action of the court in sustaining the demurrer to the plea in abatement, which we considered and disposed of in treating the first assignment.

The seventh ground is as follows: "Because the court erred in overruling and denying the defendant's motion to quash the second special venire of 15 names from which to complete the jury to try said cause, and to quash the special venire of 45 names first drawn in said cause, and the regular venire for second week of present term of this court, and to discharge the eight jurors selected therefrom upon the grounds of said motion, which said motion and ruling herein are of date May 3rd, 1905."

Upon turning to the transcript, we find that the motion referred to above was as follows: "Comes now the defendant here by his attorneys and moves the court before verdict and before the completion of the jury in said cause:

1st. To quash the second special venire of 15 names issued in said cause on yesterday, May 2nd, 1905, from

which to complete the jury now partially made up in said cause (eight jurors having been empanelled therein), and returned upon this 3rd day of May, 1905, for the reason that said special venire is an illegal venire, as appears of record in this cause, reference to which being had, the clerk of said court heretofore fifteen days before the convening of this present term of said court having drawn from the jury box of said county as prepared by the county commissioners thereof at their regular meeting in the month of February, 1905, the names of thirty-six (36) persons to serve as grand and petit jurors at this term of said court, when he was authorized by law to draw therefrom no more than the names of 30 persons for such purpose and hence there was an illegal, unauthorized invasion of said jury box by said clerk as an illegal diminution of the number of names deposited therein by said commissioners as aforesaid, before the drawing therefrom of said special venire, by reason of which the whole of said jury box was and is rendered illegal and vicious, and because said names were drawn from the box before the making and signing of any order therefor in said cause naming and limiting the number thereof.

2nd. And for the same reasons to quash the general venire drawn for the second week of this term of said court, and the special venire of 45 names from which the jurors now in the box in said cause were obtained.

3rd. And for the like cause to discharge the eight persons now in the box as jurors selected from said venires to sit in said cause, same for said reasons being illegally drawn and empanelled jurors."

The record discloses, as we have already seen, that the court, for irregularities shown in the drawing, quashed the panels and ordered that thirty persons be summoned

from the body of the county to serve as grand and petit jurors for the first week. We further find that on the 28th day of April, 1905, the court drew from the jury box the names of twelve persons to serve as petit jurors for the second week of the term, and, being satisfied that a jury could not be obtained from the regular panel for the second week to try the defendant, the court drew from the box the names of forty-five persons for a special venire. In endeavoring to obtain a jury in the defendant's case the regular and special venires were exhausted, and the court then drew from the box the names of fifteen persons for a special venire. After this was done and before the jury was selected the defendant made his motion to quash, which we have set forth in full above and which was denied by the court.

We have already determined that no error was committed by the trial court in quashing the panels and ordering thirty jurors summoned from the body of the county. The defendant contends that by reason of the fact that thirty-six names had been irregularly drawn from the box, previous to the term of court, and said jurors discharged, the number of names in the box had been diminished thereby and consequently the box had become vitiated. We fail to see the force of this assignment. As was said in Ford v. State, 44 Fla. 421, text 428, 33 South. Rep. 301, "Conceding that it is the practice in this State that irregularities, even slight, when they show a substantial departure from the provisions of law in respect to the selection, summoning and empanelling of jurors are proper grounds of objection to the jury, still when it affirmatively appears that no possible injury could accrue to the defendant by the departure, the objection should not avail." It is not contended that any fraud was practiced by anyone in the drawing of the

4 S. C.

thirty-six names from the box. At most it was a mere irregularity. See Green v. State, 40 Fla. 191, 23 South. Rep. 851. It could not successfully be contended that the defendant as a matter of right was entitled to have any particular jurors empanelled to try his case. See 1 Thompson's Trials, Sec. 120; John D. C. v. State, 16 Fla. 554, and authorities therein cited. "It is a fundamental principle that the right of peremptory challenge is a right to *reject* and not a right to *select*." 1 Thompson's Trials, Sec. 43.

However, it is not made to appear to us wherein any irregularity was committed in drawing the jurors for the second week of the term or in drawing the special venires. Section 4 of Chapter 4736 of the Laws of 1899, provides "That the petit jurors for any succeeding weeks of said term of court shall be drawn as now provided by law." Section 7 of Chapter 4122 of the Laws of 1893 provides that jurors for the second and succeeding weeks of the term shall be drawn in the manner prescribed in Section 5 of said Act, which section, however, was amended by Section 1 of Chapter 4386 of the Laws of 1895, Section 3 of which act also amends Section 1158 of the Revised Statutes of 1892, so as to have the same read as follows:

"1158. Deficiency of Jurors to try any Cause: Whenever it shall appear to the court that by reason of challenges or otherwise, a sufficient number of jurors of those drawn and summoned cannot be obtained for the trial of any cause in the Circuit Court, Criminal or County Court, the court shall draw, or cause to be drawn from the box, to be summoned, or shall direct the sheriff to summon from by-standers or from the body of the county, a sufficient number of qualified jurors to complete the panel for the trial of such cause."

From an examination of these several acts, which we must admit are left in a confused state, it appears that the venire for the second and succeeding weeks of the term must be drawn from the box, but that "whenever it shall appear to the court that by reason of challenges or otherwise, a sufficient number of jurors of those drawn and summoned can not be obtained for the trial of any cause," then the court, in the exercise of its discretion, "shall draw, or cause to be drawn from the box, to be summoned, or shall direct the sheriff to summon from bystanders or from the body of the county, a sufficient number of qualified jurors to complete the panel for the trial of such cause."

We find no error in the action of the court in denying the defendant's motion to quash the special venires.

The eighth ground of the motion is as follows: "8th. Because W. B. Knight, a member of the grand jury which found and presented the indictment upon which the defendant was put upon his trial in this cause, and who was clerk of said grand jury, was, before, and at said time, and is now, holding a position of emolument and profit under the Government of the United States, by appointment, to-wit: Local encumbent Observer and Reporter of the Weather Bureau Department and Cotton Region Reporter or Reporter of Cotton Statistics for the Department of Commerce and Labor of the Federal Government, for which services he was receiving and receives stated salaries, and therefore is an official of said Government, occupying positions of profit thereunder, disqualifying him from the position of a grand or petit juror, under the laws and statutes of this State, in support whereof is herewith submitted affidavit filed and marked Exhibit 'A,' hereto appended as part hereof."

This objection, even if tenable, comes too late when

first made in a motion for a new trial. The fact that one of the grand jurors who concurred in finding the indictment was not a competent grand juror is waived by not pleading such fact in abatement. It cannot be taken advantage of either by motion for a new trial or a motion in arrest of judgment supported by affidavit. See Reynolds v. State, 33 Fla. 301, 14 South. Rep. 723; Kitrol v State, 9 Fla. 9; Gladden v. State, 13 Fla. 623; text 630; Burroughs v. State, 17 Fla. 643; Potsdamer v. State, 17 Fla. 895; Ellis v. State, 25 Fla. 702, 6 South. Rep. 768; Ex Parte Warris, 28 Fla. 371, 9 South. Rep. 718; Donald v. State, 31 Fla. 255, text 262, 12 South. Rep. 695; Tervin v. State, 37 Fla. 396, 20 South. Rep. 551; Tarrance v. State, 43 Fla. 446, 30 South. Rep. 685.

The ninth ground of the motion is as follows: "9th. Because at the sounding of said case on the 28th day of April, 1905, and the making of an order therein on said date for the drawing of forty-five names from the jury box of said county as a special venire from which to complete or select a jury for the trial of said cause, and at the time of the drawing of said names form said box in open court by the Court, Clerk and Sheriff on the said date and at said time, the said defendant, R. F. Colson, was not present in the court room at any time during the making of said order, or the drawing of said names from said box, but on the contrary thereof was absent from the court room at and during the whole period thereof, against the statute in such case; in support whereof the defendant herewith files appended hereto and makes part hereof affidavits marked respectively 'A,' 'B,' 'C,' 'D,' and 'E.' ' "

In Starke v. State, 49 Fla. 41, 37 South. Rep. 850, we held that it was not necessary for the record to show "that the defendant was present when the names of per-

sons to constitute a special venire to try his case are drawn from the jury box and a venire issued therefor, where such drawing is had, and venire issued, in pursuance of a previous order therefor." We further held that these matters were ministerial preliminaries merely, "and not material 'steps' or 'stages' in the trial within the meaning of the rule requiring the record to show the defendant's personal presence."

In the instant case it is affirmatively shown by the record that the defendant was not personally present during these ministerial preliminaries. Does that change the rule announced by us in the cited case? We think not. See the following authorities cited by us therein, which hold that the law does not require the defendant to be personally present when the special venire is drawn from the jury box: Hurd v. State, 116 Ala. 440, 22 South. Rep. 993; Stoball v. State, 116 Ala. 454, 23 South. Rep. 162; Frazier v. State, 116 Ala. 442, 23 South. Rep. 134; Jones v. State, 116 Ala. 468, 23 South. Rep. 135; Milton v. State, 134 Ala. 42, 32 South. Rep. 653; Pocket v. State, 5 Tex, App. 552; Cordova v. State, 6 Tex. App. 207; 1 Bishop's New Crim. Proc. Sec. 269. While some of these cited cases refer to the affirmative showing by the record that the defendant was personally present when the day was appointed for his trial and the order made fixing the number of special jurors to be summoned, yet we do not understand them to hold that the defendant must be personally present when the order for a special venire is made. Even if some authorities should so hold we fail to see the reasoning upon which such holding could be grounded. See especially Milton v. State, *supra,* holding that an order made by the court to the clerk to issue a mandate to the sheriff commanding him to summon fifty special jurors to attend the trial was

not judicial, "involving as it did mere ministerial preparation in which the defendant could not have had voice or participation, his presence at the making thereof was not required." Also see the well reasoned case of Mabry v. State, 50 Ark. 492, text 496, *et seq.*, 8 S. W. Rep. 823. In the instant case as in the last cited case, it is not made to appear that the defendant's peremptory challenges were exhausted, or that he was in any way harmed by the action of the court in making the order for the special venire.

The court can in anticipation of a failure to obtain a jury whether out of the regular panel or a special venire order other jurors summoned to be in readiness if needed see Lambright v. State, 34 Fla. 564, 16 South. Rep. 582, and authorities there cited. Also see O'Connor v. State, 9 Fla. 215, text 224.

The next ground of the motion is 9a which reads as follows: "9a. And because when said special venire was returned upon by the sheriff, on the morning of May 2nd, 1905, and was received by the court and the names thereof called to ascertain whether summoned or in attendance or if subject to disqualification or excuse, defendant was not present and same exhibits to support."

This contention has already been decided adversely to the defendant in Thomas v. State, 47 Fla. 99, 36 South. Rep. 161.

The 10th, 11th, 12th and 13th grounds of the motion are all based upon the refusal of the court to give certain requested instructions, but only the 12th ground is argued, the other three being abandoned, and we consider only such grounds of the motions as are argued. McNish v. State, 47 Fla. 69, 36 South. Rep. 176. We

cannot say that any error was committed in the refusal to give the requested instruction which forms the basis for the 12th ground, for the reason that none of the evidence is incorporated in the bill of exceptions and we cannot determine, even if such instruction states a correct proposition of law in the abstract, whether or not the same was applicable, or, if so, that the defendant was harmed in any way by the refusal to give it.

The other grounds of the motion which are argued are based upon the giving by the court of its own motion certain specified instructions. None of the instructions given are set forth in the regular bill of exceptions, but only in the statutory bill of exceptions, and they were not excepted to save in the motion for a new trial. It may be questionable whether or not we can consider them as thus presented. See Savannah, Florida & Western Railway Company v. Brink, 44 Fla. 713, 33 South. Rep. 245; Baggett v. Savannah, F. & W. Ry. Co., 45 Fla. 184, 34 South. Rep. 564; Parnell v. State, 47 Fla. 90, 36 South. Rep. 165. Assuming, however, without deciding, that they are properly before us for consideration, suffice it to say that we have given them a careful consideration and find no reversible error therein.

The third assignment is based upon the denial of the defendant's motion in arrest of judgment, and the fourth assignment rests upon the denial of the motion to quash the venires.

As stated in the brief of defendant's counsel, these assignments were covered by their argument on the other assignments, and we have already fully considered them.

Finding no reversible error in the record, the judgment must be affirmed, and it is so ordered, at the cost of the County of Columbia.

COCKRELL and WHITFIELD, JJ., concur.

TAYLOR, P. J., and HOCKER and PARKHILL, JJ., concur in the opinion.