# Chambers *v.* Morris.

### *Ejectment.*

(Decided Jan. 20, 1909.   Rehearing denied Feb. 15, 1909.
48 South. 687.)

1. *Evidence; Hearsay.*—Declarations of a former physician and neighbor of a person that such person is dead are hearsay and not admissible to prove death.

2. *Same; Pedigree Evidence.*—It must appear that the person making the declaration is dead before the declaration of such person as a member of the family is admissible on the theory of pedigree evidence, that another member of the family is dead.

3. *Adverse Possession; Evidence.*—Where there was evidence tending to show that defendant's possession was adverse and other evidence tending to show that it was permissible, it was a circumstance to be considered by the jury in determining whether the land had been held adversely or permissively, to show a declaration by defendant's husband in her presence that they (meaning defendant and husband) had no home.

4. *Ejectment; Evidence; Jury Question.*—Where there is evidence of adveres possession of a tract of land, and also evidence that the uncleared land on the tract had been put to such uses as it was susceptible of in its then state, in the way of fire wood, rail timber, etc., the question of whether there had been possession of it adversely, was a question for the jury, and the court should not have directed a verdict for plaintiff.

APPEAL from Henry Circuit Court.

Heard before Hon. A. A. EVANS.

[Chambers v. Morris.]

Statutory action in the nature of ejectment begun by C. V. Morris against Gifford Wiggins and Sub. Anthony. They suggested Lecy S. Chambers as landlord, and after notice she came in and defended. From a judgment for plaintiff. defendant appeals. Reversed and remanded.

P. A. McDANIEL, for appellant. The court erred in excluding the testimony of Varnum. The motion to exclude it came too late.—*Smith v. B'ham Ry. L. & P. Co.*, 41 South. 310. The court improperly permitted the statements alleged to have been made by J. W. Chambers to be admitted.—*Lee v. Thompson*, 99 Ala. 95. His declarations were also inadmissible.—*Lee v. Thompson*, *supra; Tillman v. Span*, 68 Ala. 102. Lecy Chambers holding was adverse to all the world.—*Newsom v. Snow*, 91 Ala. 641; *Tillman v. Span, supra*. It follows that the Bennett mortgage was void.—*Parks v. Bennett*, 104 Ala. 438; *Propst v. Bush*, 115 Ala. 495; *Craft v. Thornton*, 125 Ala. 391; *Davis v. Curry*, 85 Ala. 133; *Humes v. Barrentine*, 72 Ala. 546. Hence plaintiff acquired no title to the lands in suit.—*Parks v. Bennett, supra; Mahan v. Smith*, 44 South. 375; *Chambers v. Morris*, 42 South. 549.

OATES & OATES, for appellee. Charges are construed with reference to the evidence.—142 Ala. 195. The evidence does not show an adverse holding.—*Newton v. L. & N. R. R. Co.*, 110 Ala. 474; *Chastang v. Chastang*, 141 Ala. 451. Neither party could take possession without the consent of the dowress.—*Bettis v. McNeider*, 137 Ala. 588. The contract was bad for indefiniteness and uncertainty.—*Chastang v. Chastang, supra*. Under the facts as shown by the record the declarations of Chambers was admissible.—*Thomas v. deGraffenreid*, 17 Ala.

602; *Gillespie v. Burleson,* 28 Ala. 551; *McLemore v. Nuchols,* 37 Ala. 662.

DOWDELL, J.—The witness John W. Chambers, having testified on his direct examination that one Colin S. Varnum, who had been examined as a witness on a former trial of the case, was dead, was then permitted to testify as to what the said Varnum had sworn on the former trial. On the cross-examination of Chambers he was asked by counsel how he knew that Varnum was dead, in answer to which he said: "I went to Varnum's former home in Houston county, Ala., and he was not there. His family was there, and they told me he was dead, and that he died at the time named. I saw his family physician, who told me that he attended him in his last sickness, and that he (Varnum) was dead. His former neighbors told me that Varnum was dead. I did not see him myself after death, and know that he is dead only from what these persons told me." Thereupon the court, on motion of the plaintiff, excluded all of the testimony of the witness Chambers as to what Varnum swore on the former trial. In this there was no error. Evidence of the declarations of the physician and the neighbors as to the death of Varnum were hearsay, and by no rule of evidence admissible; and to render declarations made by a member of the family of the deceased admissible as to such death, on the theory of pedigree evidence, it must appear, also, that the party making the declaration is dead, since, if living, his testimony would be not only obtainable, but the best evidence.—*Elder v. State,* 124 Ala. 69, 27 South. 305; *White v. Strother,* 11 Ala. 720; Jones on Evidence (2d Ed.) § 318.

There was evidence on the part of the defendant tending to show that her possession of the land was adverse, and evidence on the part of the plaintiff tending to show

[Hayes v. Martin, et al.]

that the possession of the defendant was merely permissive. In this state of the case it was competent to prove the statement, made by the defendant's husband in her presence, to the effect that they, meaning himself and his wife (the defendant) had no home. It was a circumstance to be considered by the jury in determining whether the land had been held by the defendant adversely or permissively. The court properly admitted this evidence.

As stated above, there was evidence tending to show an adverse possession, and evidence which also tended to show that the uncleared land on the 80-acre tract, to which the defendant set up adverse possession, was put to such uses as it was susceptible of in its then state, in the way of firewood, rail timber, etc., as would go to show actual possession. The court, therefore, erred in giving the general charge requested to find for the plaintiff as to the uncleared land on said 80-acre tract. The question was one that should have been left to the jury.

For the error indicated, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.


