MARION OLIVER, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

APPELLATE PRACTICE—FACTS ASSERTED IN MOTION FOR NEW TRIAL NOT SELF SUBSTANTIATIVE BEFORE APPELLATE COURT.

1. Facts asserted in a motion for new trial are not self-substantiative before an appellate court, but must be authenticatd otherwise in the transcript of record.

2. Assignments of error before an appellate court must be predicated upon matter contained in the transcript of record, and cannot be considered when they have no basis in such record.

This case was decided by Division B.

Writ of Error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Walter M. Davis,* for plaintiff in error;

*W. H. Ellis,* Attorney General, and *C. B. Peeler,* for the state.

TAYLOR, J.—The plaintiff in error was arrested upon a warrant in bastardy proceedings issued by the justice of the peace, in and for the 11th justice's district of Duval county, on the complaint of one E. E., a single woman, who made oath before such justice that she was a single woman and was delivered of a child who by law would be deemed and held a bastard, and that the plaintiff in error is the father of said child. Upon such proceedings and the issues joined thereon in the circuit court of Duval county, the plaintiff in error was tried before a jury who returned a verdict of "guilty" upon which the circuit judge entered a judgment against the defendant in favor of the state of Florida for the use and benefit of the said E. E. for the support and maintenance of such bastard child in the aggregate sum of five hundred dollars payable in annual installments of $50 per year for ten years. The defendant brings this judgment here for review by writ of error.

Among others, the defendant moved for a new trial, upon the ground: "that the testimony herein shows that the bastard child was born and the mother thereof conceived such child in a justice district of Duval county, Florida, other than the justice district in which said complaint originated, and it appears that the justice of the peace issuing said warrant was without jurisdiction." The motion for new trial was denied and this ruling is assigned as error.

The only contention here is that the judgment of the circuit court is erroneous, null and void because the justice of the peace who issued the warrant for the initial arrest of the defendant was without jurisdiction to issue same for the reason that the mother of the bastard child in question did not conceive such child nor was delivered thereof within the district of the justice who issued such warrant, and that consequently the circuit court that tried said cause was also without jurisdiction to entertain or adjudicate the same.

Even if this contention was a correct construction of our bastardy statute, which we do not now decide, there is nothing in the record before us that even tends to substantiate the facts asserted in the quoted ground of the motion for new trial, since none of the evidence adduced at the trial has been presented to us in the transcript filed here. For aught to the contrary shown by the record, the proceeding may have been initiated in the justice of the peace district in which the prosecutrix resided and in which she conceived and in which her delivery took place.

It is settled law here that the assertions of fact in a motion for new trial are not self substantiative. Parrish v. Pensacola & A. R. Co., 28 Fla. 251, 9 South. Rep. 696; American Lead Pencil Co. v. Wolfe, 30 Fla. 360, 11 South. Rep. 488; Garner v. State, 31 Fla. 170, 12 South. Rep. 638; Lovett v. State, 33 Fla. 389, 14 South. Rep. 837; Davis v. State, 35 Fla. 614, 17 South. Rep. 565; Roberson v. State, 40 Fla. 509, 24 South. Rep. 474; Gray v. State, 42 Fla. 174, 28 South. Rep. 53; Kennard v. State, 42 Fla. 581, 28 South. Rep. 858.

The asserted error not being made to appear cannot prevail; and no other error being presented or made to appear, the judgment of the circuit court in said cause is hereby affirmed, at the cost of the plaintiff in error.

Hocker and Parkhill, JJ., concur;

Shackleford, C. J., and Cockrell and Whitfield, JJ., concur in the opinion.