O. D. SMITH, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

CRIMINAL LAW—ASSIGNMENTS OF ERROR MUST BE BASED ON MATTER DISCLOSED BY THE RECORD—ASSERTIONS IN MOTION FOR NEW TRIAL ARE NOT SELF-VERIFYING.

1. The assertions of fact contained as grounds of a motion for new trial are not self-verifying before an appellate court, and unless the truth of such assertions is elsewhere properly disclosed by the record, an appellate court cannot consider assignments of error predicated thereon.

2. There is no error in refusing to give requested instuctions that have in substance been already given in charge to the jury.

This case was decided by Division B.

Writ of Error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Scarborough & Scarborough,* for Plaintiff in Error;

*Park Trammell,* Attorney General for the State.

TAYLOR, J.—The plaintiff in error was indicted and tried for, and convicted of, the crime of murder in the first degree and sentenced capitally in the Circuit Court of Duval County, and for review of this judgment comes here by writ of error. The sole assignment of error is the denial of the defendant's motion for new trial.

The first, second, third, fourth, fifth and sixth grounds of this motion all question the sufficiency of the evidence to support the verdict returned, and will be considered last.

The seventh ground of the motion asserts error in the alleged refusal of the court to sustain a challenge for cause made by the defendant to a talesman, one J. L. Johnson. The transcript of record before us shows no such challenge and no such ruling by t e cou tions of fact in a motion for new trial are not self-verifying and amount to nothing before an appellate court unless the truth of such assertions are elsewhere properly exhibited in the transcript.

The eighth ground of the motion for new trial complains of certain alleged remarks to the jury by the State's Attorney in his argument. Here again the transcript fails to exhibit the fact that any such asserted remarks were either made by the State's Attorney, or ruled upon by the court, or excepted to by defendant, save the assertion thereof in the motion for new trial itself. There is, therefore, nothing for our consideration in this ground. The ninth ground of the motion is for a new trial because of alleged newly discovered evidence. No affidavit verifying the alleged discovery of this new evidence appears to have been presented to the trial court in conformity with the rule on the subject, therefore there was no error in the ignoring of such ground by the trial court.

The tenth ground of the motion for new trial complains of the refusal of the court to give six several in-

structions requested by the defendant. All of the matter in these several refused instructions had already been given in substance to the jury in more accurate form by the trial judge, and there was, therefore, no error in the refusal to reiterate them in different language.

We have carefully examined the evidence in the cause and find that it abundantly and fully sustains the verdict found. There was a weak attempt to show insanity in the defendant at the time of the commission of the crime, but the jury acted properly in ignoring such attempt.

Finding no error the judgment of the court below in said cause is hereby affirmed at the cost of Duval county, the plaintiff in error having been adjudged to be insolvent.

HOCKER and PARKHILL, JJ., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, JJ., concur in the opinion.