JAMES CLARK, *Plaintiff in Error,* v. THE STATE OF FLOR-IDA, *Defendant in Error.*

1. Where an allegation in an indictment for larceny that a better description of the property is unknown is material, the point becomes an issue .

2. In a prosecution for larceny the indictment, for the purpose of giving individuality to the act charged, should with reasonable certainty state the species or names and the number of the articles or things alleged to have been stolen, so as to show that the things or articles are personal property and the subjects of larceny and that the proofs are of the same property, and to prevent embarrassment to the accused in making his defense and to protect him against a second prosecution for the same offense.

3. In an indictment for larceny, the description of the property required is only such as in connection with other allegations, will, if sustained by proof, affirmatively show the defendant to be guilty, and will reasonably inform him of the facts charged and enable him to make defense. The limit in requiring certainty of description is that it need not be so minute or expanded as to impose unreasonable burdens upon the prosecution or otherwise defeat justice.

4. Where an indictment for larceny contains a sufficient description of the stolen property, an allegation that a better description is unknown is immaterial. Where the description is not sufficient to enable the defendant to make his defense, he should make proper application for a better description.

5. In a prosecution for larceny where the indictment contains an apparently sufficient description of the stolen property, and also an allegation that a better description is unknown, it is not error to exclude testimony as to whether the grand jurors in fact knew a better description of the property.

6. Where some of the testimony of a witness is admissible, a motion to strike the whole of such testimony is too broad and properly denied.

Clark v. State—Opinion of Court.

7. An assignment of error based upon the refusal of the court to give a requested charge can not be considered by the appellate court where the transcript does not show except by the motion for a new trial that such a charge was requested, as the motion is not self-supporting.

8. Where a requested charge is refused it must be set out in the bill of exceptions with the refusal to give it and the exception taken thereto. The refusal to give a requested charge should be excepted to at the refusal and can not be excepted to in a motion for a new trial.

9. Where the fine imposed is less than the maximum for either grand or petit larceny, the defendant can not complain that the value of the property did not justify the verdict and judgment, some value being shown.

10. A presumption of guilt as a matter of law does not follow or flow from the unexplained possession of personal property recently stolen, but guilt in such a case may be inferred as a matter of fact if warranted by other circumstances.

11. Where there is evidence to support the verdict and it does not appear that the jury were not governed by the evidence in their finding, or that reversible errors were committed at the trial, the judgment will be affirmed.

This case was decided by Division A.

Writ of error to the Circuit Court for Columbia County.

The facts in the case are stated in the opinion of the court.

*A. J. Henry* and *R. H. Chapman*, for Plaintiff in Error;

*Park Trammell*, Attorney General, for the State.

WHITFIELD, C. J.—The plaintiff in error was convicted in the Circuit Court for Columbia County for the larceny

of "one feather bed, 8 bed quilts, 6 pillows, 6 pillow shams, 6 vases, one lamp, one collar case and two collars, 10 table dishes, two pair window curtains, one rug, 3 pictures, two ladies hats, one sugar dish and one cake plate, a better description & all of said property is to the grand jury unknown, and of the total value of one hundred and twenty-five dollars ($125) and of the goods and property of S. Dobson and Mattie Dobson."

At the trial S. Dobson testified that he found certain of the goods in the defendant's house, and described the vases as being "light colored and silver, some glass and some tinged with gold. One was of solid silver tinge all over it and one was of glass, green, about that high, I suppose. One had a round oval glass with flowers in there." The dishes were described as "glass dishes." The pillows were described by the witness Mattie Dobson as "feather pillows."

After the State had put in its testimony the defense recalled the witness S. Dobson and asked him if he testified before the grand jury that the pillows were *feather* pillows, and whether he gave to the grand jury the description of the vases and table dishes that he gave in this trial. The State objected to the questions as being immaterial, the objection was sustained and an exception noted. While the purpose of the questions was not stated it may have been apparent that the purpose was to show to be untrue the allegation in the indictment that "a better description of all of said property is to the grand jury unknown."

Where an allegation in an indictment for larceny that a better description of the property is unknown is material, the point becomes an issue. See Enson v. State, 58 Fla. 37, 50 South. Rep. 948. But where a sufficient description is given, an allegation that a better description is unknown is immaterial and may be regarded as

surplusage.    Carden v. State, 89 Ala. 130, 7 South. Rep. 801.

In a prosecution for larceny the indictment, for the purpose of giving individuality to the act charged, should with reasonable certainty state the species or names and the number of the articles or things alleged to have been stolen, so as to show that the things or articles are personal property and the subjects of larceny and that the proofs are of the same property, and to prevent embarrassment to the accused in making his defense and to protect him against a second prosecution for the same offense. The description required is only such as, in connection with the other allegations will affirmatively show the defendant to be guilty is sustained by proof, and will reasonably inform him of the facts charged and enable him to make defense. The limit in requiring certainty of description is that it need not be so minute or expanded as to impose unreasonable burdens upon the prosecution or otherwise defeat justice. Bishop's New Crim. Proc., paragraphs 526, 699, 702 et seq.; 12 Ency. Pl. & Pr. 980. The names by which the articles are commonly known and the number of each being given in the indictment, the property could be readily identified, and it does not appear that a more particular description than was given could have been reasonably required to protect the rights of the defendant.    See Glover v. State, 22 Fla. 493; Mizell v. State, 38 Fla. 20, 20 South. Rep. 769; Porter v. State, 26 Fla. 56, 7 South. Rep. 145; 2 Bishop's New Crim. Proc., paragraph 700; State v. Curtis, 44 La. Ann. 320, 10 South. Rep. 784; State v. Parker, 47 Vt. 19; Williams v. State, 25 Ind. 150; Powell v. State, 88 Ga. 32, 13 S. E. Rep. 829; State v. Johnson, 30 La. Ann. 904; State v. Martin, 82 N. C. 672.

If the defendant deemed the description of the articles not sufficient to protect his rights he may have taken

appropriate action before testimony for the State was in, by an application for a bill of particulars, or if the indictment is fatally defective by motion to quash. The laws of this State require only that the indictment shall be so framed as to so plainly and fairly inform the defendant and the jury of the nature and cause of the accusation against him, and as not to be "so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense." Sec. 11, Bill of Rights; Secs. 3961, 3962, General Statutes of 1906.

If the description given is sufficient the allegation that a better description was unknown is immaterial. But if the description is not sufficient to enable the defendant to make his defense he should have made a proper application to the court for a more detailed description. Under the circumstances of this case there was no error in excluding the testimony as to whether the grand jurors in fact knew a better description than was given of the property alleged to have been stolen.

A witness for the State testified that on a visit to the defendant's home, the wife and children of the defendant gave to the wife and children of the witness some of the property alleged to have been stolen, and further testified as to what his wife and children had told him about the matter. The defendant moved to strike all the testimony of this witness, but the court struck only that part relating to what had been told witness by his wife and children. At least some of the testimony of the witness was not irrelevant or immaterial, and the order of the court striking the part that was inadmissible was not error.

The assignment based upon the refusal of the court to give a requested charge can not be considered, as the transcript does not show, except by the motion for a new

trial, that such a charge was requested, and the motion is not self-supporting. White v. State, 26 Fla., 602, 607; Oliver v. State, 54 Fla., 93. Where a requested charge is refused it must be set out in the bill of exceptions with the refusal to give it and the exception taken thereto. The refusal to give a requested charge should be excepted to at the refusal and can not be excepted to in a motion for a new trial. Lester v. State, 37 Fla., 382; Thomas v. State, 49 Fla., 123.

The value of the goods found at the defendant's house and shown to belong to S. Dobson and Mattie Dobson was shown to exceed twenty dollars and the sentence being a fine of $250.00, and less than the maximum fine for either grand or petit larceny the defendant can not complain that the value of the property did not justify the verdict and judgment.

It is contended that the presumption of guilt arising from the possession of the goods was overcome by evidence and the defendant should have been acquitted. A presumption of guilt as a matter of law does not follow or flow from the unexplained possession of personal property recently stolen, but guilt in such a case may be inferred as a matter of fact if warranted by other circumstances. McDonald v. State, 56 Fla., 74, 47 South. Rep. 485. In a case like this there is no presumption of guilt to be overcome by evidence, but the allegations of the indictment are to be proven by direct evidence or by indirect or circumstantial evidence.

There is evidence to support the verdict and as it does not appear that the jury were not governed by the evi-

dence in their finding or that reversible errors occurred at the trial, the judgment is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur.

TAYLOR, P. J., and HOCKER and PARKHILL, J. J., concur in the opinion.