TAYLOR, J., absent on account of illness.

---

AB PENTON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1.  An accused has the right to an impartial jury, but not to any particular persons as jurors. When no injury to the defendant has resulted therefrom, an irregularity not amounting to the denial of a substantial right in the selec-

tion and empanelling of the jurors will not avail on objection and exception.

2. Where a special venire drawn in one criminal case has been used in another case, and there is nothing to indicate injury or prejudice to the defendant, such proceeding will not cause a reversal of a judgment of conviction.

3. It is within the discretion of the trial judge to permit leading questions, and such discretion is not reviewable on writ of error.

4. Where there is evidence to sustain a verdict and no material errors of law or procedure that could reasonably have injuriously affected a substantial right of the defendant appear in the record, the judgment will be affirmed.

Writ of error to the Circuit Court for Santa Rosa County.

The facts in the case are stated in the opinion of the court.

*H. S. Laird*, for Plaintiff in Error;

*Park Trammell*, Attorney General, and *C O. Andrews*, for the State.

WHITFIELD, C. J.—Frank M. Penton and Ab Penton were jointly indicted for the murder of George Allen. The former was acquitted; and the latter was convicted of manslaughter, and took writ of error. Several special venires were exhausted in securing a jury. Over the objection of the defendant the court directed that the special venire ordered in another case be used in this case. It does not appear that the special venire used over objection was not legally formed or that any of the jurors

taken from it were improper jurors, or that the defendant exhausted his peremptory challenges, and was obliged to take an objectionable juror because he had no further peremptory challenges.

An objection on the ground that it was leading was to any particular persons as jurors. When no injury to the defendant has resulted therefrom an irregularity not amounting to the denial of a substantial right in the selection and empanelling of the jurors will not avail on objection and exception. McRae v. State, 62 Fla. 74, 57 South. Rep. 348; Young v. State, 63 Fla. 55, 58 South. Rep. 188. There is nothing to indicate that the defendant was injured or that he has been denied a substantial right in the use of the special venire drawn for another case.

An objection on the ground that it was leading was overruled to the following question asked by the court: "Dr. Smith, did George Allen express the belief to you that he was going to die?" It is within the discretion of the trial Judge to permit leading questions, and such discretion is not reviewable on writ of error. Anthony v. State, 44 Fla. 1, 32 South. Rep. 818; Johnson v. State and Padgett v. State, decided this term.

There is evidence to sustain the verdict, and no material errors of procedure that could reasonably have injuriously affected a substantial right of the defendant appear in the transcript.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.