T. M. SHACKLEFORD,
R. S. COCKREL',

Justices of the Supreme
Court of Florida.

---

A. D. LINDSAY, *Plaintiff in Error*, v. THE STATE OF FLOR-
IDA, *Defendant in Error*.

Opinion Filed June 2, 1915.

1. The fact that a sheriff is a witness for the State in a crimi-
nal prosecution does not disqualify him, because of prejudice
against the defendant, from executing an order of the court

to summon from among the bystanders a sufficient number of qualified jurors to complete the panel for the trial of the cause. The presumption exists that under such circumstances the sheriff legally discharged his duty, and that he did not discriminate against the defendant by selecting men to serve as jurors who were prejudiced against the defendant.

2. Recitals of fact in a motion are not evidence on appeal of the truth of such facts, when the motion is denied by the trial court.

3. Where in the trial of one charged with crime the sheriff of the county is a material witness for the State, and the court directs the sheriff to summon from among the bystanders persons qualified as jurors to complete the panel for the trial of the cause, and the defendant moves the court to issue a special venire for jurors whose names shall be drawn from the jury box to complete the panel for the trial of the case, upon the ground that the sheriff would not select from the bystanders fair and impartial jurors to try the cause, and the motion was denied by the court, and the sheriff executed said order by summoning persons from the bystanders who served as jurors, and the record does not disclose that the persons summoned by the sheriff from the bystanders and who served as jurors were disqualified as jurors to serve in said cause; nor that the sheriff unlawfully discriminated against the defendant in summoning the bystanders to serve as jurors, *Held*, that no error was made to appear.

4. Where the court improperly interposes an observation as to the propriety of a question propounded by counsel to a witness on cross-examination, but the counsel subsequently to the court's remark pursues the subject of the cross-examination without objection, the error if any, is harmless.

5. It is no defense on the part of one charged with crime to show merely that another person possessed the means or opportunity to commit the offense.

Writ of error to Circuit Court for Santa Rosa County; J. Emmet Wolfe, Judge.

Judgment affirmed.

*H. S. Laird,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

ELLIS, J.—The plaintiff in error, A. D. Lindsay, was indisted at the Spring Term of the Circuit Court, 1914, for Santa Rosa County, for the crime of being a Common Liquor Dealer, and convicted.

The Bill of Exceptions shows that the jury not being complete and the regular panel of jurors being exhausted, and the defendant having "exhausted his challenges" the court ordered the Sheriff to complete the "panel of said jury by calling or summoning bystanders instanter to serve as jurors on said jury." The defendant, plaintiff in error in this court, thereupon "In person and by his Attorney, requested and moved the said Judge verbally, to have a sufficient special venire to complete the panel drawn from the jury box." The Bill of Exceptions recites that the "Defendant in person and by his attorney at said time stated to the said Judge as grounds of motion that on account of his prejudice against the said defendant the said Sheriff would not select from the bystanders fair and impartial jurors to try the said cause." The judge denied the motion, to which ruling the defendant excepted. Two bystanders were then summoned by the Sheriff. The bill then recites that the said "A. D. Lindsay was then and there compelled to accept as jurors in said cause his peremptory challenges being theretofore exhausted," the two persons summoned by the Sheriff from the bystanders. This transaction is made the basis of the first assign-

ment of error.  There is nothing in the record to show that the Sheriff was prejudiced against the defendant save the statement of that fact in the defendant's motion, nor that the sheriff had any interest whatever in the trial except that he was called as a witness for the State and that his name appeared upon the back of the indictment as such witness.  There is nothing to show that the two bystanders who were called were disqualified as jurors to serve in the case, nor that the defendant challenged them for cause.

It was proper for the court in the exercise of its discretion to direct the sheriff to summon from the bystanders a sufficient number of qualified jurors to complete the panel for the trial of the cause.  Colson v. State, 51 Fla. 19, 40 South. Rep. 183; section 1582 Genl. Statutes of Florida.

The presumption exists that the officer legally discharged his duty and that he did not discriminate against the defendant by selecting men from the bystanders to serve as jurors who for any reason known to the sheriff were prejudiced against the defendant.  See Montgomery v. State, 55 Fla. 97, 45 South. Rep. 879.  It was incumbent upon the defendant to show that the Sheriff's action in summoning the two bystanders was illegal because of his knowledge of the prejudice of the two bystanders against the defendant.  This court in the case of McRae v. State, 62 Fla. 74, 57 South. Rep. 348, said "where it does not appear that any objectionable jurors were selected after defendant's challenges were exhausted, alleged errors in rulings on challenges for cause may be immaterial.  An accused has a right to an impartial jury, but not to any particular persons as jurors."  See Penton v. State, 64 Fla. 411, 60 South. Rep. 343.  There was no effort what-

ever on the part of the defendant to show that the Sheriff was disqualified by reason of his prejudice against the defendant to summon the two persons from the bystanders to serve as jurors save the statement of that fact in the defendant's motion, but a statement of fact in a motion is not evidence of the existence of such fact where the motion was denied by the lower court. See Cato v. State, 9 Fla. 163; Dukes v. State, 14 Fla. 499; Hayman v. Weil, 53 Fla. 127, 44 South. Rep. 176; Oliver v. State, 54 Fla. 93, 44 South. Rep. 712; Smith v. State, 57 Fla. 24, 48 South. Rep. 744. From aught that appears in the record the defendant was tried by an impartial jury. His rights in this regard seemed to have been secured to him. Counsel for plaintiff in error direct our attention to the testimony of the sheriff and other witnesses to show the interest of the former in the trial. We do not discover anything in the testimony of the sheriff or the other witnesses to establish prejudice on the part of the sheriff against the defendant nor that the sheriff acted corruptly nor was unduly interested in the case, and as no complaint was made as to the competency of the two bystanders who were summoned and served as jurors, the mere fact that the sheriff was a witness was immaterial. See Felsch v. Babb, 72 Neb. 736, 101 N. W. Rep. 1011.

A witness for the State named Milton Edwards, testified that Mr. Reeves gave him a dollar and told the witness to get him some whiskey. The witness went down to Bagdad and bought the whiskey from the defendant, so he stated. That after he had appeared before the grand jury, he met the defendant who said that he would not like for the witness to do him any harm and that the witness "need not witness against him," that he did not see "wherein they" could do the witness any harm. That

after witness said to the defendant that witness had been before the grand jury the defendant said that made no difference as he had had a personal talk with Mr. Stokes who told defendant that "It would take a jury of twenty-four to indict a man for perjury and each man would have to swear separate one by one to the same thing."

On cross-examination by defendant's counsel the witness said that the defendant told him that "within the last four months." Defendant's counsel then asked the following question: "Q. You can't tell whether it has been five weeks or four months since he told you that?" Thereupon the court interposed and said: "He said he didn't know, that it was sometime within four months. That is sufficiently definite." To this language of the court the defendant excepted." The defendant's counsel followed his exception with the following question: "Q. You said it was more than five weeks and sometime since the last grand jury?" To which the witness replied: "Yes, sir; I bought this whiskey from Mr. Lindsay on the 13th day of December, 1913."

In the case of Lester v. State, 37 Fla. 382, 20 South. Rep. 232, the court said that great care should be observed by the judge to avoid the use of any remark in the hearing of the jury that is capable directly or indirectly of conveying any intimation as to what view the court takes of the case or that intimates his opinion as to the weight, character or credibility of any evidence adduced. Counsel for the defendant insist that he was denied the right to have his question answered, that the question was a legitimate one in cross-examination and sought to test the memory and credibility of the witness. In this case we think that counsel was right; but the record shows that he was permitted to ask the question after the court had

interposed its observation, and the question was answered, therefore he has no ground of complaint on this point. Whether the court by that remark intimated to the jury what view the court entertained as to the credibility of the witness might have presented a more difficult question. But the point is not argued nor even insisted upon. It may be that neither counsel nor court regarded the remark made under the circumstances as a criticism upon the witness' testimony of such degree as to warrant a complaint on that ground, and we will not so treat it, but would again call attention to what the court has in a number of cases said about remarks from the trial judge upon the statements of witnesses, which may be construed as intimating to the jury what the court's view may be as to the case, or the weight or credibility of the evidence.

Joe St. Marys, a witness for the defense, was asked on redirect examination by defendant's counsel the following question: "Q. Do you know whether or not Milton Edwards has been selling whiskey over there?" The defendant's attorney insisting that as no one had testified that he saw Milton Edwards buy whiskey from the defendant, it was competent for the defense to show that Edwards himself sold whiskey. The defendant's attorney then proffered to prove by the witness St. Marys that about December 13th, Milton Edwards had whiskey in his possession in his home in Bagdad and was selling it. The court denied the proffer and such ruling is assigned as the ninth error. The purpose of this evidence was to show, so counsel contend, that Milton Edwards and not the defendant sold the whiskey which was delivered by Edwards to Mr. Reeves. It is undoubtedly true that one accused of crime may show his innocence by proof of the guilt of another, but to show that a third person merely

had the means or opportunity at hand to commit the crime is not sufficient to "lead the guarded discretion of a reasonable and just man" to a belief in the existence of the third person's guilt. The evidence proffered was not pertinent to any inquiry before the jury. There was no evidence to show that Edwards' house in Bagdad was near the defendant's house, nor that Edwards went to his own house before going to the defendant's. That Edwards sold whiskey at Bagdad about December 13th, may mean before or after that date, a day, a week or a month. Such evidence is irrelevent and can afford no safe guide to a jury in a case like the one at bar; it is too remote and indefinite, and was properly rejected. See Lawrence v. State, 45 Fla. 42, 34 South. Rep. 87, and the authorities there cited.

We have examined the evidence and find that there was sufficient to support the verdict.

Judgment affirmed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND WHIT-FIELD, JJ., concur.