CHARLES KING, Plaintiff, v. W. G. SEARS et al., Defendants.

INFANTS: Offenses—Incorrigibility—Juvenile Court—Petition—Suf-
1  ficiency. The petition for an order respecting the custody and control of an incorrigible infant is sufficient, which alleges that such infant (a) is 11 years of age, (b) is under the control of a named person, (c) is not an inmate of any state institution, (d) is not charged with any crime, but (e) is a dependent, neglected and delinquent child, and is, in fact, incorrigible. (Sec. 254-a14, Code Supp., 1913.)

INFANTS: Offenses—Juvenile Court—Summons and Notice—Waiver.
2  Neither summons nor notice need be issued, nor date of hearing

fixed, in proceedings under the Juvenile Act (Chapter 5-B, Tit. III, Code Supp., 1913), when the infant appears at the hearing in person, by attorney, and by his mother.

**COURTS: Jurisdiction—Presumption—Notice or Appearance—Juvenile Proceedings.** The contrary not affirmatively appearing, it will be presumed that an order or judgment of the district court was entered only after proper service of notice, or appearance. So held as to an order in juvenile proceedings.

**INFANTS: Offenses—Juvenile Court—Guardian Ad Litem.** A guardian ad litem need not be appointed in proceedings for juvenile delinquency, etc.

**INFANTS: Offenses—Juvenile Court—Notice.** The appearance of the mother, in juvenile proceedings against her child, renders notice to others unnecessary.

*Certiorari to Woodbury County.*—W. G. SEARS, Judge.

THURSDAY, JUNE 29, 1916.

ORIGINAL certiorari proceedings in this court, to review the action of the district court of Woodbury County, and W. G. Sears, a judge thereof, wherein Charles King, a minor, was declared to be a dependent, neglected, delinquent, and incorrigible child, and ordered committed to the State Industrial School at Eldora.—*Writ annulled and order affirmed.*

*T. P. Cleary,* for plaintiff.

No appearance for defendants.

DEEMER, J.—The return filed to the writ is not as broad as the petition therefor, and fails to furnish a basis for many of the attacks made upon the finding and order. This return shows a petition filed against plaintiff, alleging, in substance, that he was a minor, 11 years of age, under the control of one Mrs. Cowely; that he was not an inmate of any state institution, and was not charged with

1. INFANTS:
offenses:
incorrigibility:
juvenile court:
petition:
sufficiency.

the commission of a crime; but that he was a dependent, neglected and delinquent child, and was, in fact, incorrigible. This met the requirements of our Section 254-a16 *et seq.*, Code Supplement, 1913.

It also shows an order made after a hearing to the court, in which the minor appeared in person and by attorney and with his mother, and was also represented by the probation officer, continuing the cause until the next term; and the minor was committed to the care and custody of the Boys' and Girls' Home at Sioux City, Iowa. An entry thereafter made is as follows:

"And now at this time, to wit: October 21st, A. D. 1915, it is ordered by the court that the order made and entered of record on the 24th day of September, A. D. 1915, staying commitment in the cause entitled 'The State of Iowa vs. Charley King,' be and the same is hereby cancelled and revoked, and it is further ordered by the court that the judgment made and entered of record on said 24th day of September, A. D. 1915, committing said defendant to the State Industrial School for Boys at Eldora, Iowa, be, and the same is hereby declared to be in full force and effect."

This apparently has no reference to the original order, and the record made on September 24, 1915, is as follows:

"And now at this time, to wit, September 24th, A. D. 1915, this matter comes on for hearing to the court, before the Honorable W. G. Sears, judge, said defendant, Charley King, having been heretofore and on the 3d day of November, 1914, charged with incorrigibility and, on the 11th day of November, 1914, placed in the care and custody of his grandparents, and said charge being at this time renewed, thereupon said defendant, being duly advised of his right to trial by jury, waives formal trial and consents to an immediate hearing and this cause thereupon proceeds to hearing to the court, upon its merits; and the court having duly inspected the petition heretofore and on the said 3d day of November,

A. D. 1914, filed, and this matter being fully submitted to the court, and the court being fully advised in the premises, finds that said defendant, Charley King, was born on December 9, 1903; that he is incorrigible and is a fit and proper subject for commitment to the State Industrial School for Boys at Eldora, Iowa. It is therefore ordered, adjudged and decreed by the court that said defendant, Charley King, be, and he is hereby committed to the State Industrial School for Boys at Eldora, Iowa, and confined therein until he attains the age of twenty-one years, unless sooner discharged, and the sheriff of this county is hereby ordered and directed to deliver the said defendant to the superintendent of said school without unnecessary delay for the enforcement of this order and judgment, and the superintendent of said school is hereby ordered and directed to receive said, defendant and care for him as provided by law, and a certified copy of this order and judgment shall be his sufficient warrant therefor. It is further ordered, adjudged and decreed by the court, that commitment in this cause be stayed pending the further order of the court.''

It does appear, however, that thereafter the minor appeared, and moved to set aside the order of commitment, on various grounds, among which were: that the court had no jurisdiction to try the case; that there was no sufficient petition upon which to bottom it; that there was no order fixing the time of hearing, and no notice given of such hearing to the proper parties; that the defendant minor was denied a jury trial, to which he was entitled. This motion was verified, but was not supported by affidavits or other testimony. It was heard to the court, the minor appearing in person and by attorney and with his grandfather, and, after a hearing, the motion was denied.

The record does not show what, if any, testimony was adduced on the hearing of this motion. As has been observed, the petition was sufficient, and it further appears that the

defendant appeared thereto, both in person and by attorney, and also with his mother, and the probation

**2. Infants: offenses: juvenile court: summons and notice: waiver.**

officer. It does not show that any time was set for the hearing, or that any notice was given the defendant minor; but there were the appearances hitherto noticed, which appearances waived notices and sufficiently answered the requirements of the statute, unless there be some mandatory provision requiring service upon some other party. The statute requires a notice or summons to the person having the custody and control of the child, or with whom he may be, and to the parents, if living and their residence is known, and if the parents are not known, then upon some relative, if there be one and his residence is known. The defendant minor was brought before the court, and either voluntarily appeared or was brought there by someone; hence no summons was required. The defendant appeared in person and by attorney, with his mother, and also by the probation officer; hence no service on the mother was required. Why the probation officer appeared is not shown, save as it may be inferred that the minor was in his custody. In view of these appearances, there was no need for fixing the day of hearing, or of serving notice. No one demanded a jury, and a hearing was had without objections. There is no showing as to who appeared on November 11, 1914, when the minor was placed in charge of his grandparent, and the record of that proceeding is not before us, save as it is referred to in the order of September 24, 1915.

As the district court is a court of record, with general jurisdiction, we must presume, in the absence of a showing to the contrary, that there was either proper notice or proper

**3. Courts: jurisdiction: presumption: notice or appearance: juvenile proceedings.**

appearances on the hearing in November, 1914. On the hearing in September, the minor waived a jury; and the strong inference is that his grandfather was then present, and also that he was represented by counsel.

This is certain: that the record does not negative either fact. The finding and order then entered was stayed; but, on October 21, 1915, this stay was revoked and the former order declared in full force and effect. Who, if anyone, appeared at this time, does not appear; but, as already said, it will be presumed that there was either notice or appearance, if either was necessary. On the motion to set aside, defendant minor appeared in person and by attorney, but no testimony seems to have been presented. The appearances entered by and for the minor seem to have dispensed with notice, and it does not sufficiently appear that the notices were not given.

A jury trial was not denied the minor, and he expressly waived it, at least for one of the hearings. There is no requirement that a guardian ad litem be appointed for a minor in such a proceeding, and it would have been useless, as he appeared by an attorney of his own choice.

4. INFANTS: offenses: juvenile court: guardian ad litem.

It is said that the grandfather had no notice, but this was not necessary, because the mother appeared. We see no such defect in the proceedings as would justify the plaintiff's discharge, and the writ should be dismissed and the order below affirmed, and it is so ordered.—*Writ Anulled and Order Affirmed.*

5. INFANTS: offenses: juvenile court: notice.

EVANS, C. J., PRESTON and GAYNOR, JJ., concur.