BAWSEY BLOCKER, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion Filed July 10, 1925.

1.  Where the bill of exceptions discloses ample evidence from which the jury might have found or inferred all the essential elements of the crime of which they found the defendant guilty, and it does not appear that the verdict is so manifestly against the weight of the evidence as to convince the appellate court that the verdict is either wrong or unjust, or that the jury was influenced by considerations other than the evidence, this court will not intervene and set aside the verdict of the jury.

2. Motions relating to matters *in pais* are not self-supporting, and recitals of facts therein contained are not evidence on appeal of the truth of such facts when the motion is denied by the trial court.

3. The Circuit Court is a court of record and of general jurisdiction. Where a minor, not married, is convicted for a criminal offense after a trial in such court, and on writ of error the transcript of the record is silent as to whether or not notice was given to the parents or guardian of such minor prior to the trial, as required by Section 6028, Revised General Statutes 1920, the mere absence from the transcript of an affirmative showing that such notice was in fact given, unaided by any additional probative facts or circumstances, is not sufficient to overcome the presumption that such a trial court has done its duty by ascertaining that such notice was in fact duly given.

4. The notice required by Section 6028, Revised General Statutes of 1920, is not jurisdictional, but failure to give such notice may constitute a material error or irregularity in the cause for which the judgment will be reversed when the defendant is within the class of minors referred to in the statute and the omission to give the required notice is properly evidenced to this court.

A Writ of Error to the Circuit Court for Santa Rosa County; A. G. Campbell, Judge.

Judgment affirmed.

*J. T. Wiggins,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant Attorney General, for the State.

STRUM, J.—Plaintiff in error was convicted of assault with intent to commit murder in the second degree, and took writ of error.

The record presents two points for consideration: first, the sufficiency of the evidence to sustain the verdict; and second, whether there was a compliance with Section 6028, Revised General Statutes, 1920.

The bill of exceptions discloses ample evidence from which the jury might have found or inferred all the essential elements of the crime of which they found the defendant guilty. It does not appear that the jury was influenced by considerations other than the evidence. Although there is some conflict in the evidence as to whether or not the defendant was the aggressor in the encounter which forms the basis of the charge against the defendant, such conflicts were settled by the jury. The verdict is not so manifestly against the weight of the evidence as to convince us that the verdict is either wrong or unjust, and under such circumstances this court will not intervene and set aside the verdict of the jury. Dixon v. State, 79 Fla. 586, 84 South. Rep. 541; John v. State, 16 Fla. 554; Boyington v. State, 77 Fla. 602, 81 South. Rep. 890; Logan v. State, 58 Fla. 72, 50 South. Rep. 536; Caldwell v. State, 62 Fla. 18, 56 South. Rep. 497; Parrish v. State, decided during this Term.

Section 6029, Revised General Statutes, 1920, provides: "That when any minor, not married, may be charged with any offense and brought before any of the courts, including municipal courts, of this State, due notice of such charge prior to the trial thereof shall be given to the parents or guardian of such minor * * *." Defendant moved for a new trial and in arrest of judgment upon the ground, amongst others, that "the court erred in requiring the defendant to go to trial without first giving legal notice to the parents of the defendant, he being a minor under the age of twenty-one years, single, and his parents reside in Santa Rosa County, Fla."

This court has heretofore decided that motions relating

to matters *in pais* are not self-supporting, and that recitals of fact therein contained are not evidence on appeal of the truth of such facts, when the motion is denied by the trial court. Smith v. State, 57 Fla. 24, 48 South. Rep. 744; Lindsay v. State, 69 Fla. 641, 68 South. Rep. 932.

The only evidence offered in support of the above quoted ground of said motions was an affidavit of the defendant, sworn to and presented to the trial court on the day of the trial, in the following words: "Before the subscriber personally appeared Bozy Blocker, who being duly sworn says he is a minor under the age of twenty-one years, to-wit: seventeen years old on the 8th day of October, A. D. 1924." No evidence is presented or other sufficient showing made that the defendant is an *unmarried* minor, to which class of minors the statute referred to is confined. Assuming, however, that the defendant is an unmarried minor, the transcript of the record entirely fails to properly evidence the fact that the notice provided for by the statute was in fact not given to the parent or guardian of the defendant. We have seen that the mere recital of the fact in the motion is insufficient for that purpose, particularly a rictal which, as in the case here, is not positive and unequivocal, but merely inferential. This recital is the only attempted *affirmative* intimation found in the record that the notice was in fact not given. Even the affidavit of the defendant does not undertake to assert the fact. There is in the record no affidavit or testimony of the sheriff, or other sufficient showing of any nature, upon the question of whether or not a notice was in fact given under the statute.

The transcript of the record, certified under Rule 103 of the Circuit Courts in Common Law Actions as constituting "a true copy of all the proceedings and a correct transcript of the record of the judgment," does not contain a copy of anything purporting to be a notice to defendant's parent:

or guardian, as required by the statute. We must therefore consider whether the mere absence from such a transcript of a copy of the notice and return, or other affirmative showing that the notice was given, sufficiently evidences to this court that the notice was in fact not given.

The statute does not require that the notice become a part of the "proceedings" as the word is used in the clerk's certificate under Rule 103. The sole requirement of the statute is that the notice be *given* in the manner therein provided. The Circuit Court is a court of record and of general jurisdiction. The presumption is, in the absence of an affirmative showing to the contrary, that the trial court is correct in its rulings and has done its duty. It is the duty of the plaintiff in error to make the errors complained of plainly to appear, if they in truth exist. Colson v. State, 51 Fla. 19, 40 South. Rep. 183; Lewis v. State, 55 Fla. 54, 45 South. Rep. 998. The court having proceeded to try and sentence the defendant notwithstanding his affidavit that he was but seventeen years of age, we must presume, in the absence of an affirmative showing to the contrary, that the trial court was correct in its procedure and had done its duty by ascertaining that its executive officer had duly given notice to the parent or guardian of the defendant prior to the trial, as required by the statute. See 10 R. C. L. 882, 883. The record before us neither affirmatively nor directly negatives such presumption, but leaves us to decide whether the presumption is overcome by a mere absence from the transcript of an affirmative showing that the notice was in fact given, unaided by any additional probative facts or circumstances. We hold that the presumption is not so overcome. King v. Sears, 177 Iowa 163, 158 N. W. Rep. 513. To regard such a situation as is shown by this record as a sufficient showing that notice was in fact not given would be to overcome a salutary presumption of law

by mere inference, unsupported by confirmatory facts or circumstances. In fact, it would require us to *presume* that the trial court *erred*. Of course, if the record contained proper evidence or other sufficient showing from which it could be determined directly or by plain implication that the statute was not in fact complied with, a materially different situation would be presented.

The situation presented here should also be carefully distinguished from instances where courts of inferior or limited jurisdiction adjudicate the rights and status not only of the infant but of his parents or guardian, as, for instance, in delinquency proceedings wherein are determined the fitness or competency of parents to retain the custody of their child. Other rules of law would apply in such instances.

The requirement of the statute in respect to the notice with which we are here concerned is not jurisdictional, but failure to give the notice may constitute a material error or irregularity in the cause for which the judgment will be reversed when the defendant is within the class of minors referred to in the statute and the omission is properly evidenced to this court.

It does not plainly appear by the record either that the defendant was within that class of minors to which the statute is expressly restricted, or that the notice was not in fact given as provided by the statute. The defendant was represented throughout the trial by able counsel. No harmful or prejudicial error appearing in the matters assigned, the judgment of the Circuit Court is affirmed.

Affirmed.

WHITFIELD, ELLIS, TERRELL AND BROWN, J. J., concur.

WEST, C. J., not participating.