ARTHUR DAVIS, *Plaintiff in Error,* v. THE STATE OF FLOR-
IDA, *Defendant in Error.*

Division A.

Opinion Filed February 14, 1928.

*Jones & Green,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

ELLIS, C. J.—About three o'clock in the afternoon of October 21, 1925, two men, one of whom was a deputy sheriff, put a horse, which they had with them, in the yard or lot near the dwelling house of J. E. Higginbotham, who with his family lived on the Tomoka River in Volusia County.

Nearly two hours afterwards the accused, Arthur Davis, his wife and two children drove up to the Higginbotham home and demanded possession of the horse, claiming the right to its possession. Davis was armed with a rifle and a pistol. Declining an invitation to come in the house,

which had been extended to him and his family by Mrs. Higginbotham, Davis, who was angry and giving exhibition of it by the use of profanity, got out of his automobile taking his rifle with him and went into the yard and around the house to the rear of it. Higginbotham offered to explain why the horse was left at his house and by whom. Davis seemed to be too angry to receive any explanations and continued on his way through the yard, swearing at Higginbotham and saying that there "would be powder and lead burnt" there that afternoon. Higginbotham and his wife went into the house. The former then went to the back porch, over his wife's protest. He was unarmed when he arrived there. Davis threw up his rifle aiming it at Higginbotham who sprang upon him. The rifle fired and fell to the ground upon the impact of Higginbotham's body on that of Davis. The former struck the latter and stooped for the rifle whereupon Davis drew a pistol and fired a shot into the body of Higginbotham, killing him almost instantly.

Davis was indicted for murder in the first degree and convicted of that degree of murder without recommendation. He seeks to reverse the judgment on writ of error.

One of the assignments of error attacks the sufficiency of the evidence to sustain the verdict. We have examined the evidence as the same is presented in a kind of stenographic report of the trial and embraced in the bill of exceptions, which consists principally of such report. All the testimony being presented in the form of questions and answers thus violating the rule of this Court without even the formality of the judge's certificate that it was necessary to present it in that manner in order that it could be properly understood and weighed by this Court.

There was conflict in the evidence but it was the jury's problem to solve the question of fact. There is ample evidence to support their conclusion that the accused killed

Higginbotham unlawfully and from a premeditated design to take his life.

There is no necessity to discuss the testimony, its consistency, its weaknesses, its contradictions. The jury did that and it is impossible to say that they have erred, following a long line of decisions of this Court consistently announcing the rule from the earliest cases to the latest upon the subject. We will not interfere with the verdict in this case upon the ground presented in the assignment.

After carefully considering the evidence we cannot say that it appears from the record that the jury as reasonable men could not have rendered the verdict they did. The trial court denied the motion for a new trial and there is no showing that the jurors must have been improperly influenced by considerations outside of the evidence. See Doggett v. Willey, 6 Fla. 482; John v. State, 16 Fla. 554; Broward v. Roche, 21 Fla. 465; Robinson v. State, 24 Fla. 358, 5 South. Rep. 6; Hicks v. State, 25 Fla. 535, 6 South. Rep. 441; Johnston v. State, 29 Fla. 558, 10 South. Rep. 686; Bexley v. State, 59 Fla. 6, 51 South. Rep. 278; Clark v. State, 59 Fla. 9, 52 South. Rep. 518; Mathis v. State, 63 Fla. 21, 58 South. Rep. 541; Smith v. State, 66 Fla. 135, 63 South. Rep. 138; Williams v. State, 68 Fla. 88, 66 South. Rep. 424; Britt v. State, 88 Fla. 482, 102 South. Rep. 761; Blocker v. State, 90 Fla. 136, 105 South. Rep. 316.

The other assignments of error to which reference is made in the brief are numbered four, six and twelve. These assignments of error cannot be said to have been argued since the brief merely consists in substance of a reference to them and an assertion that the points involved were well taken.

In view of the gravity of the case, however, we will consider them. The twelfth assignment of error rests on the proposition that the statutes of Florida secure to the owner

of strayed cattle, or other domestic animals, the right to enter the pasture of another for the sole purpose, as the statutes declare, of seeking and recovering his cattle, which may have strayed or broken into the inclosure. But it cannot be contended that the statutes thereby afford justification for the entry with deadly weapon and the killing of the pasture owner in case he objects.

There is likewise no merit in the fourth assignment. Frank Smith, a deputy sheriff, was called as a witness for the defendant to show that on the day of the homicide when the deputy put the horse in the care of Higginbotham the latter appeared to be somewhat under the influence of whiskey. On cross-examination the witness was asked what his business was in that neighborhood that day. Objection was made to the question. It was overruled and the witness answered that "we were there breaking up stills." We do not perceive what damage the answer could have been to the accused. Besides, it was not improper although it may have been in no wise necessary to the investigation, and the defendant did not afterwards seek to exclude the answer from the record.

The sixth assignment is also without merit. The defendant, under questioning of his counsel, testified that he had been convicted of burglary in the State of Georgia and was pardoned. Counsel then desired that he should state the circumstances of the case and of the pardon. The State objected and the objection was sustained. There was no error in that ruling.

We have found no error in the proceedings. The verdict was amply sustained by the evidence, so the judgment is affirmed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.