DAISY SHEPARD, alias SAISY HOUSTON, *Plaintiff in Error*, vs. STATE OF FLORIDA, *Defendant in Error*.

144 So. 894.

Division B.

Opinion filed December 5, 1932.

*Lorenzo T. Parker* and *Ethel Jane Steele*, for Plaintiff in Error;

*Cary D. Landis*, Attorney General, and *Roy Campbell*, Assistant, for the State.

DAVIS, J.—Daisy Shepard was convicted in the Criminal Court of Record of Hillsborough County of the crime of manslaughter and sentenced to serve fifteen years in the State Prison. Writ of error was taken to that judgment.

One Kelly Sapp was stabbed in the heart. The testimony of the witnesses both for the prosecution and for the defense, is very contradictory regarding the actual manner in which Sapp received the wound which caused his death. There is substantial evidence, however, to show that Kelly Sapp and Daisy Shepard, who testified

that she was of parents of Indian descent, met at a filling station dance hall; that Sapp quarreled with Daisy and shoved her down in a chair several times; that some time later (according to the testimony of the State's witness Geiger, whose reputation for truth and veracity was very much discredited by other testimony offered for that purpose), that Daisy came to Sapp and suggested that he dance with her, and when he approached her to within striking distance that she stabbed him with a knife.

The testimony of the defendant herself was to the effect that she had the knife in her hand, Sapp attempted to take hold of her and that she warned him to be careful of the knife, which she said she had in her hand at the time the deceased was cut. She also testified that she noticed blood commencing to come on Sapp's shirt, after he had tried to draw the knife back from her and twist it around in her hand.

It cannot be said from the record that the jury, as reasonable men, could not have rendered a verdict of manslaughter, so the evidence cannot be said to be insufficient to sustain the verdict returned. Davis v. State, 95 Fla. 259, 116 Sou. Rep. 226, and cases cited.

Under the circumstances testified to by the defendant herself, evidence of a previous threat of the deceased to kill himself and the defendant too, might have been properly excluded, since it was not testified to by the defendant that Sapp intentionally cut himself, but rather to the effect that the cutting was accidentally done by him while he was struggling with defendant for possession of the knife. It was for the jury to say whether the defendant's story, or that of the principal State's witness, was to be accepted as the true version of what happened. While the proffered testimony of threats was probably inadmissible at all under the circumstances, nevertheless, the trial court, out of the abundance of

caution and fairness, let such testimony go to the jury, so no error was committed thereby, of which the defendant can justly complain.

The defendant had a fair trial, the verdict is supported by competent testimony, no errors of procedure of harmful character appear to have been committed, so the judgment must be affirmed.

Affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

ELLIS, J., concurs in the opinion and judgment.

Filed under Rule 21 A.