**O. A. ROGERS and WILLIE GRAY, Appellants, v. STATE OF FLORIDA, Appellee.**

30 So. (2nd) 629                                    January Term, 1947
May 30, 1947                                              En Banc

*Pat Whitaker* and *E. M. Magaha,* for appellants.

*J. Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General, and *Jesse F. Warren,* Special Assistant Attorney General, for appellee.

PER CURIAM:

Upon consideration, after rehearing granted, the opinion and judgment of this court dated February 7, 1947, is now adhered to.

So ordered.

THOMAS, C. J., and CHAPMAN, J., concur.

BARNS, J., and FABISINSKI, Associate Justice, concur specially.

TERRELL, BUFORD and ADAMS, JJ., dissent.

BARNS, J., concurring specially:

Appellant's motion for a new trial contained two paragraphs relating to remarks of the prosecution to the jury— We quote one which is as follows:

"17. The State Attorney took an undue advantage against these defendants in his argument before the jury by making highly inflammatory, prejudicial and improper statements as follows:

" 'Gentlemen of the jury, *Mr. Magaha has told you* that if you convict the defendants it will mean that they will lose the money that was taken from them and which has been introduced in evidence; well, the records that have been introduced show that they were making about $1000.00 a day, and in addition to that, the defendant Rogers was making more than that out of his liquor business. *So, gentlemen, if you convict these defendants and this money is taken, it will go into the general revenue fund of the county and with all of these moneys that the testimony shows the defendant Rogers had been making, I think he should contribute, for the benefit of the tax payers, which includes you, gentlemen, this amount. The testimony shows he has been making large amounts of money, more than $1000.00 a day out of his gambling racket and that much and more out of his liquor business, so I think it would be reasonable that he contribute that much for the benefit of you and the balance of the tax payers of this county.'* Said argument was entirely out of the record, highly prejudicial and amounted to undue advantage taken of the defendants and was of such nature as to deny to these defendants a fair and impartial trial and no admonition which the court might have given could have cured or eradicated from the minds of the jury the harm and prejudice created by the making of said statements. (Italics supplied.)

Our statutes relative to such matter in criminal proceedings are as follows:

F. S. 920.05 (1) (e) F. S. A. provides that the court "(1) Shall grant to a new trial if any of the following grounds are established:

(e) That the prosecuting attorney has been guilty of misconduct."

Section 920.05 F. S. A. concludes with the following:

"The court shall also grant a new trial when from any

other cause not due to his fault, the defendant has not received a fair and impartial trial."

Prosecution for crime should be fair:

"The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the two fold aim of which is that guilt shall not escape nor innocence suffer. He may prosecute with earnestness and vigor — indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one."

"It is fair to say that the average jury, in a greater or less degree, has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none. . . ." Berger v. United States, 55 S. Ct. 629, 79 L. Ed. cited in Deas v. State, 119 Fla. 839, 161 So. 731.

Recitals of fact in a motion for new trial are not self-authenticating and when an appellant seeks the reversal of a trial court on appeal it is his duty to affirmatively show harmful error by facts duly authenticated by the record.

"Facts asserted in a motion for a new trial in a criminal case are not self-substantiative on a writ of error, but must be otherwise authenticated in the transcript." Oliver v. State, 44 So. 712, 54 Fla. 93; Smith v. State, 48 So. 744, 57 Fla. 24.

"A mere recital of a ground for a new trial, based upon matters in pais, in a motion, is no evidence that the matters so recited are true, but such matters must be brought to the Supreme Court by a bill of exceptions, or in some way tantamount thereto.—McSwain v. Howell, 10 So. 588, 29 Fla. 248."

The Supreme Court will not notice any fact, which appears in the record only as a recital in a motion. Thalheim v. State, 20 So. 938, 38 Fla. 169."

"Motions relating to matters in pais are not selfsupporting, and recitals of facts contained therein are not evidence on appeal of truth of such facts when motion is denied by trial court.—Blocker v. State 105 So. 316, 90 Fla. 136."

"Recitals in a motion for a new trial are not evidence or proof of the facts stated or asserted in such motion. Hn. 5, Henderson and Costello v. State, 94 Fla. 318, 113 So. 689.

If the court reporter fails to take down and transcribe a matter it may be determined and settled by the trial judge upon a hearing held for that purpose.

"(2) Where a motion for a new trial calls for the decision of any question of fact the court may hear evidence on such motion by affidavit, or otherwise." Sec. 920.07 (2) F.S.A.

"Settling bill of exceptions on memory was not error where there was no other way to settle it because of absence of court stenographer and trial was short and simple and there was no unusual difficulty in making up the bill.—Richard v. U.S., 148 F. 2d."

Prejudicial error is a ground for reversal:

"A judgment will not be set aside because trial judge failed to check improper remarks of counsel and to give instructions removing their prejudicial effect, unless there is objection at proper time, but objection is not necessary to require grant of new trial, where improper remarks are of such character that neither rebuke nor retraction could entirely destroy their sinister influence." Henry Carlile v. State, 129 Fla. 860, 176 So. 862. See also Simmons v. State, 139 Fla. 645, 190, So. 756.

Improper argument may sometimes be induced:

"Improper argument of opposing counsel, when provoked by and made in reply to improper argument of counsel for plaintiff in error, does not ordinarily afford ground for reversal. As to proceedings in court, the general rule is that an attorney has full authority to act for his client, and the latter is legally responsible therefor. Henderson and Costello v. State 94 Fla. 318, 113 So. 689.

" . . . Counsel should always confine their arguments to

the evidence, and this should especially apply to counsel having the concluding argument in a criminal case. The state wants the guilty convicted and punished; but it is jealous of the liberties of its citizens, and only permits convictions to stand in cases where the facts warrant the verdict. The state wants no conviction by reason of the eloquence or adroitness of her prosecuting officers. But where counsel for a defendant has himself gone outside of the evidence and made allusions to facts that have not and could not be legally proven, and indeed, to testimony excluded on his motion, he cannot complain if, in the heat of argument, the state's counsel replies to him in kind. . . . " Newell v. State 75 So. 625, 16 Ala. App. 77.

Our Rule relating to the presumption of the completeness of the record is:

"(10) Record Presumed to Contain Everything Material. Upon appellate proceedings it shall be presumed, unless the record shows to the contrary, that such record transmitted to the appellate court contains all proceedings in the trial court material to the question presented for decision by the appellate court." S. Ct. Rule 11 (10).

But in event that matters material are omitted our rule is:

"(b) *Material Omission Supplied.* If anything material to either party is omitted from the record on appeal by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the appellate court, on a proper suggestion or of its own initiative, may direct that the omission or mis-statement shall be corrected, and if necessary that a supplemental record shall be certified and transmitted by the clerk of the trial court. No other proceedings shall be necessary in event of a suggestion or diminution of the record." S. Ct. Rule 11 (8) (b).

It affirmatively appears that the underscored words of ground 17 of the motion for new trial above quoted were in answer to remarks made at trial by an attorney for the appellant, to-wit:

"Mr. Magaha has told you that if you convict the defendants it will mean that they will lose the money that was

"taken from them and which has been introduced in evidence; . . . "

When the record fails to show the circumstances of a transaction and in authenticated form it cannot be considered.

I therefore adhere to the original opinion and judgment.

FABISINSKI, Associate Justice, concurs.