174 So.2d 576 (1965)
Eddie MILES, Appellant,
v.
The STATE of Florida, Appellee.
No. 64-695.
District Court of Appeal of Florida. Third District.
May 4, 1965.
Robert L. Koeppel, Public Defender and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen. and Arden M. Siegendorf, Asst. Atty. Gen. (Tallahassee), for appellee.
Before BARKDULL, C.J., and HENDRY and SWANN, JJ.
HENDRY, Judge.
Appellant seeks reversal of an order denying his motion for relief brought pursuant to Criminal Procedure Rule No. 1, F.S.A. Ch. 924 Appendix. Appellant's motion sought to vacate and set aside his conviction and sentence in a rape case.
*577 In essence, the more salient allegations in the motion state that appellant was illegally arrested, incompetently represented by counsel, and tried in an adult court without proper notice of the proceedings having been given to his parents.
First, with regard to the allegations concerning illegal arrest and incompetency of counsel, we find them devoid of merit and, therefore, consider them no further.
Appellant's last contention is that at time of his trial he was a minor and his parents were not notified of his trial. Appellant failed to make a prima facie showing that he was entitled to relief on that ground as he did not allege that he was an unmarried minor.[1] However, since the trial court heard the motion on the merits we shall consider it accordingly.[2]
At the hearing below counsel for appellant conceded that:
"If the parents were notified or if the State did, in fact, send a letter * * * then he (appellant) is not entitled to one (a new trial)."
The state then introduced into evidence an exhibit consisting of a copy of a letter alleged to have been sent to appellant's parents. The letter was sent to Mr. and Mrs. Eddie Miles, 2913 N.W. 45th Street, Miami, Florida. A return receipting for the letter at the above address purportedly signed by one John Miles, the alleged brother of the appellant, was made a part of the exhibit. The defendant's counsel offered no objections to the exhibit nor did he offer anything in support of defendant's allegation. Thereafter the trial judge announced that he recalled that during the proceedings in the trial below:
"There were hearings and their parents (appellant's and another defendant's parents) were in the courtroom; I made inquiry of their parents regarding the question of whether or not they were indigents within the law, feeling because they were minors that I had to have their parents' knowledge of what was going on."[3]
Apparently based on all the above, the trial court found that:
"The matter set forth in the petition of the defendant is false, untrue and without merit."
and accordingly, denied the petition.
No reversible error saving been made to appear, the order appealed is hereby affirmed.
Affirmed.
NOTES
[1] § 932.38 Fla. Stat., F.S.A.; Penley v. Cochran, Fla. 1961, 131 So.2d 721; Champion v. Cochran, Fla. 1961, 128 So.2d 386.
[2] See Blocker v. State, 90 Fla. 136, 105 So. 316 (1925).
[3] Emphasis supplied.