256 So.2d 48 (1971)
Clarence Lloyd WHITLOW, Appellant,
v.
STATE of Florida, Appellee.
No. 71-356.
District Court of Appeal of Florida, Second District.
December 22, 1971.
*49 Walter R. Talley, Public Defender, and Edwin T. Mulock, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Warren H. Petersen, Asst. Atty. Gen., Tampa, for appellee.
PIERCE, Chief Judge.
In this case appellant Clarence Lloyd Whitlow appeals to this Court from an order entered by the Manatee County Court of Record denying a motion of Whitlow filed pursuant to CrPR 1.850, 33 F.S.A. to vacate a previous adjudication of guilt and sentence to twenty-five years imprisonment imposed by that Court pursuant to a plea of guilty to the offense of robbery.
On August 31, 1970, a criminal information was filed charging Whitlow with the offense of armed robbery. On October 28, 1970, he entered plea of guilty to the offense and was sentenced to the term of imprisonment aforesaid. On March 30, 1971, he filed pro se his post-conviction motion to vacate the judgment and sentence. On April 22, 1971, the motion to vacate was summarily denied by the trial Court, from which order of denial Whitlow has appealed to this Court, alleging error in the entry of the order without an evidentiary hearing thereon.
The local Public Defender, appointed by the trial Court to represent Whitlow in this Court, filed here a brief on September 8, 1971, setting forth that he had "carefully examined the Record on Appeal and based upon the transcript of testimony is of the opinion that this is a frivolous appeal". He asked to be relieved as attorney of record for Whitlow on the appeal under authority of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. On September 17, 1971, this Court, taking cognizance of the foregoing, entered order reciting that a copy of the Public Defender's brief had been served upon Whitlow and giving Whitlow thirty days therefrom to "file additional brief calling the Court's attention to any matters that he feels should be considered in connection with the appeal in this cause."
No additional brief has been filed by Whitlow, but on July 12, 1971, Whitlow filed herein what he called his "Supplemental Brief of Appellant", which we will consider as his additional brief. Therein he raises, or attempts to raise, three points of contention: (1) whether the search and seizure was "illegally made"; (2) whether he was denied his right to counsel "at the questioning and interrogation"; and (3) whether his plea was made voluntarily and understandingly". We hold adversely to Whitlow but will briefly discuss these contentions.
(1) Legality of Search and Seizure. The law is established that a motion to vacate the judgment of conviction under CrPR 1.850 cannot be based upon contentions involving the propriety of admission of evidence. Robinson v. State, Fla.App. 1967, 194 So.2d 29; Miles v. State, Fla. App. 1965, 174 So.2d 576; Childs v. State, Fla.App. 1966, 190 So.2d 605; Coleman v. State, Fla.App. 1967, 193 So.2d 699. Furthermore, the plea of guilty, which in effect waived trial on the merits, precludes at this time an attack on the validity of any search or seizure of evidence or admissibility as evidence.
(2) Denial of Right to Counsel at "Questioning and Interrogation". No evidence was admitted, or sought to be admitted, or even shown to have been considered by the Court, obtained by virtue of any "questioning and interrogation".
(3) On Voluntariness of Plea. A motion for relief under CrPR 1.850 must allege facts, not conclusions, sufficient to demonstrate deprivation of a constitutional right. Taylor v. State, Fla. App. 1965, 171 So.2d 402; Sam v. State, *50 Fla.App. 1964, 167 So.2d 258. No facts were alleged here to show that the guilty plea was entered involuntarily or without understanding the full import and consequences thereof.
The order appealed from was properly entered and is accordingly 
Affirmed.
HOBSON and MANN, JJ., concur.